Farr, Respondent, vs. Spain, Appellant.

*December 17, 1886 — January 11, 1887.*

*Partition fences: Penalty: Trial by jury.*

An action under sec. 1397, R. S., to recover double the expense of building that part of a partition fence which the defendant was bound to build, is legal in its nature, and triable by jury.

APPEAL from the Circuit Court for *Marquette* County. The case is stated in the opinion.

For the appellant there were separate briefs by *J. G. Cox*, attorney, and *P. G. Stroud*, of counsel, and oral argument by *Mr. Stroud*.

For the respondent the cause was submitted on the brief of *J. H. Rogers*.

Cole, C. J. The parties to this suit own adjoining lands, which are used and occupied for farming purposes. Being unable to agree as to keeping up a partition fence, the plaintiff had fence viewers appointed to make a division of the partition fence under the provisions of the statute. See ch. 55, R. S.; ch. 138, Laws of 1880. The fence viewers made a division, assigning to each party the fence he should build, and directing that the same should be built within eighty days from the date of the order. The plaintiff claims to have built his own part, and, on the neglect of the de-

fendant to build the part assigned to him, the plaintiff built such share. Subsequently he called upon two fence viewers of the town to examine the fence he had built for the defendant and ascertain the expense thereof. The fence viewers, having examined the fence, adjudged it to be sufficient, and made their certificate of the amount of the expense in conformity with the statute. The plaintiff brings this suit to recover double such expense, as he is authorized to do. When the case was reached for trial the defendant claimed that he was entitled to have the issue tried by a jury; but the plaintiff insisted that it was an equitable action, properly triable by the court, and this view was sustained by the learned circuit court, and the demand of the defendant for a jury trial was denied. The court proceeded to try the case, and rendered judgment against the defendant, from which he has appealed.

A number of errors are assigned for the reversal of this judgment, but we shall only consider the fifth, which is that the court erred in refusing the defendant the right of trial by jury and in holding this to be an equitable action.

That an action to recover money given by statute by way of penalty for the neglect or refusal of a party to do a prescribed act, such as the building of a division fence, *is legal* and not equitable in its character, seems to us a proposition too plain for discussion. The correctness of the proposition would probably not be controverted in this case, were it not for the last clause of sec. 1397, R. S., which makes the adjoining lands of the delinquent owner or occupant liable to seizure and sale upon the judgment recovered, and which provides that such lands "shall in no case be exempt from any execution issued thereon." It is said that this provision makes the judgment a specific lien upon the adjoining lands, which it is the peculiar province of a court of equity to enforce. But we do not think the clause changes the character of the action, even if it has the effect

to give a specific lien upon the adjoining lands for the amount of the judgment, of which there may be some doubt. Be that as it may, statutory liens are given in many legal actions,— as for claims against boats (ch. 144, R. S.); for labor upon logs and lumber (ch. 143, R. S.); for the damages resulting from flowage by a mill-dam (ch. 146, R. S.) — so that the mere fact that a lien is given does not afford an accurate test to determine the character of the action. It is true, an action to enforce a mechanic's lien under the present statute is held to be an equitable one ( *Willer v. Bergenthal,* 50 Wis. 474), while under the previous statute it was held to be legal ( *Marsh v. Fraser,* 27 Wis. 596).

In this case the judgment is enforced by an execution, and the action is doubtless a personal one. It is said if the occupant is not the owner and is irresponsible, the remedy given by the statute is worthless. But the lands may be sold, for the law so expressly declares. It even takes away the exemption, if the land happens to be a homestead. But by all the analogies of the law a suit to recover a penalty is classed with legal actions (see ch. 142, R. S.); and an action of this nature was treated as legal in *Butler v. Barlow,* 2 Wis. 11; *Bechtel v. Neilson,* 19 Wis. 50; *Hazard v. Wolfram,* 31 Wis. 194. It is surely an action for the recovery of money only, and is triable by a jury unless a jury is waived. Secs. 2843, 2862, R. S.

We do not pass upon the other questions discussed, though they are of much practical importance. It will be time enough to decide them when they are properly before us after the case has been tried by a jury.

*By the Court.*— The judgment is reversed, and the cause remanded for a new trial in accordance with this opinion.