BENTLEY and another, Respondents, vs. DAVIDSON and another, Appellants.

*September 9 — September 24, 1889.*

*(1, 2) Liens: Foreclosure: Jury trial: Conclusiveness of verdict: Constitutional law. (3) Building contracts: Certificates of architect: Condition precedent to recovery.*

1. If, in an action to foreclose a mechanic's lien, a question is submitted to a jury without demand by either party, the verdict upon that question is advisory merely; but if a jury trial of any issue is demanded as provided in sec. 3323, R. S., the verdict upon such issue is conclusive.

2. The action to foreclose a mechanic's lien, though equitable in its nature, is purely statutory, and sec. 3323, R. S., providing for trial by a jury whose verdict shall be conclusive, is constitutional.

3. An agreement in a building contract that there shall be no liability to pay for work except upon the architects' certificates, is valid; but if such certificates are arbitrarily and dishonestly withheld the builder may recover on showing that fact and that he has performed the contract according to its terms.

APPEAL from the Superior Court of *Milwaukee* County.

This action was brought under ch. 143, R. S., to foreclose a lien upon a certain building in the city of Milwaukee, and the lot upon which the same is situated, for an alleged balance due for materials furnished and labor performed in the erection of such building by the plaintiffs for the defendants, pursuant to a contract in writing entered into by the parties. No question is raised on the regularity or sufficiency of the proceedings preliminary to the action.

The contract of the parties for the erection of the building contains the usual provision that all payments on account thereof were to be made on the certificates of the architects, Burnham & Root. The contract makes the architects the final arbiters of the quality of the materials, the sufficiency of the work, and the value of extra work

performed by plaintiffs on the building, and relieves the defendants from all obligations to make payments on the contract or for extra work until the plaintiffs obtained the certificates of the architects that the materials and work are in accordance with the contract, and also of the value of any such extra work. Such certificates were obtained for all payments made by the defendants under the contract.

It is conceded that no such certificates covering the claim in this action were ever obtained, but the complaint, as amended, alleges that defendants waived the production thereof, and further that the building was erected in strict compliance with the terms of the contract in every respect, and that certificates thereof were duly demanded of the architects, who wilfully, arbitrarily, and wrongfully refused to sign the same. The defendants in their answer take issue on these averments of this complaint. They allege gross violations of the contract both in materials and labor, and interpose a counterclaim for damages therefor. Issue was duly taken upon the counterclaim.

On demand of the plaintiffs, the issues in the case were tried by a jury. A special verdict was returned, in which the jury found that the plaintiffs had fully performed their contract to erect the building, and the value of extra work done thereon; that the architects arbitrarily refused to certify thereto; that they so refused by direction of defendants; and that the defendants waived the obtaining of such certificates, and accepted the building as a full performance of their contract by plaintiffs. The balance unpaid on the contract price is undisputed, and the damages assessed by the jury consist of such balance and the value of extra work, less a credit to defendants on account of a certain change in specifications which reduced the cost of the work.

A motion by defendants to set aside the verdict and for a new trial was denied, and judgment was thereupon en-

tered for the plaintiffs for the amount so assessed by the jury. The defendants appeal from such judgment.

For the appellants there was a brief by *Finches, Lynde & Miller*, and oral argument by *B. K. Miller, Jr.* To the point that the production of the architects' certificate was a condition precedent to plaintiff's right to demand payment, and that even if the refusal to issue certificates was "arbitrary" it does not excuse the non-presentation of the certificates unless the refusal was so grossly perverse as to raise an inference of fraud, they cited *Baasen v. Baehr*, 7 Wis. 516; *Hudson v. McCartney*, 33 id. 331; *Tetz v. Butterfield*, 54 id. 242; *Forristal v. Milwaukee*, 57 id. 628; *Oakwood Retreat Ass'n v. Rathborne*, 65 id. 177; *Kihlberg v. U. S.* 97 U. S. 398; *Sweeney v. U. S.* 109 id. 618; *Martinsburg & P. R. Co. v. March*, 114 id. 549; *Delaware & H. Canal Co. v. Pennsylvania Coal Co.* 50 N. Y. 250; *Byron v. Low*, 109 id. 291; *Kirtland v. Moore*, 40 N. J. Eq. 106; *Barney v. Giles*, 120 Ill. 154; *Clarke v. Watson*, 18 C. B. (N. S.), 278.

*J. A. Eggen*, for the respondents.

LYON, J. I. The issues herein were tried by a jury on demand of the plaintiffs. This is in accordance with sec. 3323, R. S., which provides that, in actions brought under ch. 143 to foreclose liens, any issue of fact therein shall, on demand of either party, be tried by a jury, whose verdict thereon shall be conclusive as in other cases. This court has held that such verdict has the force and effect of a verdict in an an action at law. *Willer v. Bergenthal*, 50 Wis. 478; *Moritz v. Larsen*, 70 Wis. 569. It was also held in those cases that an action under ch. 143, in all its essential characteristics, is a suit in equity. This ruling has been followed in other cases. *Spruhen v. Stout*, 52 Wis. 517; *Huse v. Washburn*, 59 Wis. 416.

It was suggested by counsel that the last case is in con-

flict with *Willer. v. Bergenthal* and *Moritz v. Larsen.* An examination of the opinion by Mr. Justice ORTON in *Huse v. Washburn* will show that the case was decided on the hypothesis that no jury trial was demanded. It was held that, although the court submitted the question of indebtedness to a jury, as it undoubtedly had power to do, the verdict was merely advisory, all the issues in the action being of equitable cognizance. It seems clear that such must be the result if no jury is demanded. If one is demanded, the issues are to be tried as issues at law. Such is the rule of the above cases, and we perceive no conflict between them.

The learned counsel for the defendants argued that under the construction thus given to sec. 3323, the provision in that section for a jury trial is void, in that it attempts to limit and impair the constitutional powers of a court of equity as respects the trial of issues of fact, and maintain (correctly, no doubt) that in the present case the court did not pass upon the issues but gave judgment upon the verdict alone as in an action at law, whereas (as counsel insisted) the defendants were entitled to the findings of the court upon the proofs as in other equity cases. The cases of *Bonesteel v. Bonesteel,* 28 Wis. 245, and *Anderson v. Case,* 28 Wis. 505, are cited to support this position. The cases of *Truman v. McCollum,* 20 Wis. 360, and *Callanan v. Judd,* 23 Wis. 343, which were not cited, are more directly in point. In the last two cases a statute which attempted to ingraft upon an action of general equitable cognizance, to wit, an action to foreclose a mortgage, the right to have certain issues therein tried by a jury whose verdict should be conclusive upon the court, was held to contravene the constitutional powers of a court of equity. But we have here no such case. This action is not one of general equitable cognizance. It is given by ch. 143, R. S., and is purely statutory. Courts of equity have no jurisdiction to enforce the statutory remedy under the general law alone, and had

no such jurisdiction when the constitution was adopted, as they had in the cases last cited. Hence those cases do not rule this case. It is competent for the legislature, when it gives a new remedy, to prescribe the procedure by which the remedy may be enforced. It may prescribe a purely equitable or a purely legal procedure, or it may blend the two, as it has done, conditionally, in the statute under consideration. The power to do so cannot be successfully challenged. We conclude that sec. 3323 is a valid law.

II. The plaintiffs failed to obtain the certificates of the architects that they had performed their contract, or of the value of the extra work, or the deduction which should be made from their claim on account of the change of specifications. The contract makes the obtaining of such certificates a condition precedent to the liability of defendants. The cases on this subject, many of them decided by this court, hold this a valid and binding agreement, and that the builder has no right of action under such contract for his materials and labor until he obtains such certificates, unless they are withheld dishonestly and arbitrarily. If so withheld, all the cases agree that he may recover by showing the fact, and showing also that he has performed the contract according to its terms. The testimony in the present case tends to prove, and the jury found, that the plaintiffs fully performed their contract, and did the extra work as claimed, and that the architects arbitrarily withheld their certificate thereof. The testimony also supports the assessment by the jury of the value of the extra work, and the sum which should be credited to defendants for change of specifications. We cannot properly disturb those findings.

III. Much testimony was given on the trial upon the issue whether the defendants had waived the alleged defects in the erection of the building (if there were any) and the production of the architects' certificates. But since it has been

determined that the plaintiffs fully performed their contract, and that the certificates thereof were wrongfully withheld, the question of waiver becomes immaterial, and will not be considered.

Several exceptions were taken to the charge given by the judge to the jury. Many, perhaps most of these, relate to the subject of waiver. For the reason just mentioned, these have become immaterial. None of the exceptions to the charge were specifically urged in the argument as grounds for a reversal of the judgment, and it is believed that all of them, except those on the subject of waiver, are practically overruled by the views above expressed. They require no further discussion.

*By the Court.*— The judgment of the superior court is affirmed.