PETER HIGH & CO. *v.* FRANCIS DUNN and E. H. F. WOLTERS.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED APRIL 3, 1897.        DECIDED APRIL 27, 1897.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE CARTER, IN PLACE OF JUDD, C.J., ABSENT.

By the terms of a building contract, the architect's certificate that the work was performed to his satisfaction was made a condition precedent to the right to payment. The architect refused to give the certificate. The contractors then brought their bill in equity to compel the architect to give the certificate and the owner to make payment, alleging fraud and collusion. Held, the bill was properly dismissed on the ground that there was a plain, adequate and complete remedy at law, so far as there was any remedy at all.

OPINION OF THE COURT BY FREAR, J.

The complainants allege in their bill that they entered into a written agreement with the defendant Wolters to construct a building to be paid for in several instalments, as the work progressed, the last "payment to be made after the acceptance of the building by the architect" and "provided that in each of the said cases the architect shall certify in writing that all the work upon the performance of which payment is to become due has been done to his satisfaction;" that complainants have performed their part of the agreement, but that the defendant Dunn, the architect, refuses to accept the building or to certify to the performance of the work as provided in the agreement,

and that the defendant Wolters refuses to accept the building or to pay the balance claimed to be due, and that in so refusing, they, the defendants, are acting "fraudulently and collusively." Complainants pray that defendant Dunn be required to deliver to them a certificate that the building is constructed according to the agreement and that the same is accepted; also that a decree be made declaring that the plaintiffs are entitled to be paid by the defendant Wolters the balance claimed to be due under the contract.

The defendants, by way of answer, admit the agreement and the refusal to give the certificate and accept the building, but deny performance by complainants according to the agreement and also the allegations of fraud and collusion. They also submit that the matters set forth in the bill are all such as can be tried and determined at law and that the complainants are not entitled to relief in equity in respect thereto. The Circuit Judge dismissed the bill on the ground that there was a plain, adequate and complete remedy at law, and the case comes here on appeal from this decree.

The general rule in the United States is that in cases of this kind the obtaining of the architect's certificate is ordinarily a condition precedent to a right of action, but that either collusion with the owner or fraud or such gross mistake as would imply fraud on the part of the architect will excuse a failure to obtain the certificate. The following are a few of the more recent cases to this effect. *Chism v. Schipper*, 51 N. J. L. 1; *Bachelor v. Kirkbride*, 26 Fed. R. 899; *Chicago, &c., Co. v. Price*, 138 U. S. 185; *Arnold v. Bournique*, 144 Ill. 132; *Bently v. Davidson*, 74 Wis. 420; *Hanley v. Walker*, 79 Mich. 607. In England the rule is much the same except that the fraud of the architect alone may not be considered sufficient to excuse a failure to obtain the certificate. But there can be no doubt that in England as well as in America the fraudulent collusion of the architect with the owner is a sufficient excuse even in actions at law. *Batterburg v. Vyse*, 2 Hurl. & C. 42;

*Clarke v. Watson*, 18 C. B. N. S. 278; *Stevenson v. Watson*, L. R. 4 C. P. Div. 148.

The argument for the complainants is that, as the procuring of the certificate is a condition precedent to the right of action, there can be no remedy at law until the certificate is obtained, and consequently that, as there is no remedy at law, there must be a remedy in equity. There are two answers to this. The first is that, as shown by the above cited authorities, there is a remedy at law. Complainants rely on *Milner v. Field*, 5 Exch. 829, to show that there is no remedy at law. In that case the decision is only four lines in length. It may be that the character of the pleadings, as, for instance, the failure to allege fraud or collusion in the declaration, had something to do with the conclusion of the court, but, however that may be, if the court did intend to go to the extent to which counsel for the complainants now contend it did go, the decision is entitled to no weight in the light of the other English decisions above cited, all of which were of later date.

The other answer to the argument for the complainants is that, even if there were no remedy at law, it would not follow that there is a remedy in equity. There is a remedy only where there is a right. If the parties have by their contract made the right dependent upon the obtaining of the certificate, then there is no right without the certificate and consequently no remedy—except in case of collusion, on the ground that a party cannot set up as a defense a failure (to obtain the certificate) of which he is the cause; or in case of fraud, on the ground that upon a proper construction of the contract as shown by its context and subject matter the failure to obtain the certificate was intended by the parties to the contract to be a defense only in case the architect should act in good faith. The rule is the same in equity as at law. An equity court cannot, any more than a law court, make for the parties a different contract from that which they have made for themselves. See *Scott v. Corporation of Liverpool*, 3 De G. &

J., 334, 357, 368; *Sharpe v. San Paulo R. Co.*, L. R. 8 Ch., App. Cas. 597, 612, 613; *Michaels v. Wolf*, 136 Ill. 68.

No case has been adduced in which equity has assumed jurisdiction in a case of this kind. In *Bliss v. Smith*, 34 Beav. 508, it is true, the head note reads: "In building contracts, this court (equity) interferes in two cases, first, where there is collusion between the employer and the architect to injure the contractor, and secondly, where the accounts are too complicated to be taken at law." As matter of fact the relief prayed for was not granted but the bill was dismissed because neither collusion nor complication of accounts was shown. Still the jurisdiction was entertained and some of the language of the decision might at first reading appear to support the view that collusion alone would be sufficient to give equity jurisdiction in a case like the present. But that language is somewhat obscure and can be correctly understood only when read in the light of the rights involved and the relief sought. For instance, as to the relief, that was a suit for an accounting, as shown by the bill itself, and was so treated as shown by the language of the decision and the cases cited. The bill did not pray a decree for an execution of a certificate, and nothing was said about the power of a court of equity to make such a decree in a case like the present. On the contrary so far as the certificate was concerned the bill prayed merely that the refusal to give it should be declared a fraud and that the court should then proceed with the case as if no certificate were required, and this is substantially what would be done in an action at law so far as the certificate is concerned. The jurisdiction of the court depended on the other relief sought—the accounting, which was held to be a well defined branch of equitable relief in cases of collusion or complication. In the present case, aside from the matter of the certificate, the bill prays as its main object practically for an ordinary judgment at law. So, too, as to the right involved. In that case, to judge from the language of the contract and the cases cited, especially *Scott v.*

*Corp. of Liverpool, supra,* in which the other cases are reviewed, the court may have regarded the certificate as in the nature of a decision of the architect as an arbitrator of disputes as to existing rights, rather than as a condition precedent to the existence of the right itself, as it is regarded by the parties in the present case. We know of no reason or authority for the exercise of jurisdiction by courts of equity in cases like the present. The remedy is naturally at law and has always been pursued in the law courts.

The decree appealed from, dismissing the bill, is affirmed with costs.

*Kinney & Ballou,* for plaintiffs.

*Geo. A. Davis,* for defendants.