Robert L. OLIVER, Plaintiff-Appellant,†

v.

TRAVELERS INSURANCE Co., and Gary C. Nelson,
Defendants-Respondents.

Court of Appeals

*No. 80–1681. Argued May 29, 1981.—*
*Decided July 22, 1981.*
(Also reported in 309 N.W.2d 383.)

† Petition to review denied.

For the plaintiff-appellant there was a brief by *John Peyton* and *John Barry Stutt* of *Stewart, Peyton & Crawford* of Racine. Oral argument by *John Barry Stutt*.

For the defendants-respondents there were briefs by *Robert E. Hankel* of *Schoone, McManus, Hankel & Ware, S.C.* of Racine; *Bronson C. La Follette*, attorney general, and *Gordon Samuelson*, assistant attorney general. Oral argument by *Robert E. Hankel* and *Gordon Samuelson*.

Before Voss, P.J., Brown and Scott, JJ.

VOSS, P.J. This is a case of first impression concerning the constitutionality of sec. 102.03(2), Stats., as amended by ch. 195, Laws of 1977. Oliver appeals from the trial court's granting of a motion for summary judgment by Travelers Insurance Company and its insured, Gary C. Nelson. The motion was based on the contention that sec. 102.03(2), Stats., barred the suit filed by Oliver. Oliver responded to the motion by contesting the constitutionality of the statute in question. We affirm.

The facts are simple and not in dispute. On March 24, 1979, Robert Oliver was driving his own vehicle and

was departing from his place of employment at the J. I. Case Company. At the same time, Gary Nelson was driving a truck owned by Case when Nelson collided with the automobile driven by Oliver. Nelson was an employee of J. I. Case and was on company duty when the collision occurred. Oliver filed suit alleging Nelson negligently operated the truck. Oliver sought damages for permanent personal injuries, loss of wages and damage to his automobile. Nelson, along with his insurance carrier, Travelers Insurance Company, responded to Oliver's complaint by asserting that Oliver's claim was barred by the provisions of the Worker's Compensation Act, sec. 102.03 (2), Stats. Nelson's and Travelers' motion for summary judgment setting forth their affirmative defense under the Worker's Compensation Act was granted.

The challenged statute, sec. 102.03 (2), Stats., reads as follows:[1]

(2) Where such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier. This section does not limit the right of an employe to bring action against any coemploye for an assault intended to cause bodily harm, or against a coemploye for negligent operation of a motor vehicle not owned or leased by the employer, or against a coemploye of the same employer to the extent that there would be liability of a governmental unit to pay judgments against employes under s. 895.46, a collective bargaining agreement, or a local ordinance.

---

[1] Prior to amendment, sec. 102.03 (2), Stats., read as follows:
(2) Where such conditions exist the right to the recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer and the worker's compensation insurance carrier.

It is clear that under the prior statute, Oliver would have had a valid cause of action against his coemployee, Nelson.

By challenging the statute on a constitutional basis, the burden upon Oliver is to establish beyond a reasonable doubt that the act, and our asserted construction of it, is unconstitutional. *Mulder v. Acme-Cleveland Corp.*, 95 Wis. 2d 173, 187, 290 N.W.2d 276, 283 (1980). The nature of that burden was explained in *State ex rel. Hammermill Paper Co. v. La Plante*, 58 Wis. 2d 32, 46, 205 N.W.2d 784, 792 (1973). Therein the supreme court stated:

It is not enough that respondent establish doubt as to the act's constitutionality nor is it sufficient that respondent establish the unconstitutionality of the act as a probability. Unconstitutionality of the act must be demonstrated beyond a reasonable doubt. Every presumption must be indulged to sustain the law if at all possible and, wherever doubt exists as to a legislative enactment's constitutionality, it must be resolved in favor of constitutionality. This court has often affirmed the well-established presumption of constitutionality that attaches itself to all legislative acts.

When statutes are challenged on grounds of due process, the "test is whether the means chosen have a reasonable and rational relationship to the purpose or object of the enactment; if it has, and the object is a real and proper one, the exercise of the police power is valid." *Kahn v. McCormack*, 99 Wis. 2d 382, 385, 299 N.W.2d 279, 281 (Ct. App. 1980), *quoting State v. Jackman*, 60 Wis. 2d 700, 705, 211 N.W.2d 480, 484 (1973). A similar test is applied to an equal protection challenge. An equal protection challenge:

will be sustained if there is a reasonable and practical ground for the classification, even though some other classification might appear to be more in accord with general welfare. If the classification is reasonable and practical in relation to the objective, that is sufficient and doubts must be resolved in favor of the reason-

ableness of the classification. [Citations omitted.]
*Kahn,* 99 Wis. 2d at 385–86, 299 N.W.2d at 281.

We are convinced that there is a rational basis upon which the statute can be sustained. There is a reasonable and rational relationship between the means chosen and the valid purpose or object behind the enactment and exercise of the legislative police power.

One purpose of the Worker's Compensation Act is to allocate the cost of employment injuries to the industry or business in which they occur and, ultimately, to the consuming public as part of the price for the goods or services offered. *Brenne v. ILHR Department,* 38 Wis. 2d 84, 91–92, 156 N.W.2d 497, 500 (1968). Injuries caused by a negligent coemployee are everyday occurrences. Such injuries are directly related to the employment, and pursuant to the stated purpose or objective of the Worker's Compensation Act, the costs should be passed on to the consuming public. To allow common law recovery for damages caused by a negligent coemployee would be inconsistent with the theory of the Worker's Compensation Act.

If common law recovery of damages caused by a negligent coemployee were allowed, the economic burden suffered from industrial accidents would be unduly placed upon the shoulders of the workers rather than on the industry itself. The Wisconsin Worker's Compensation Advisory Council recognized that fact when recommending coemployee immunity to the legislature. The Council, in making its recommendation, noted that almost all insurance policies issued to employers for public liability or fleet coverage on employer owned or leased vehicles exclude damage payments when the employee's claim is against a coemployee. The exclusion of coverage for injuries subject to the Worker's Compensation Act, therefore, fills the insurance void created by most pub-

lic liability or fleet coverage insurance policies. If such injuries did not fall under the Worker's Compensation Act, an employee who was sued would be left without any protection. The cost of defending such a tort suit and subsequently paying a judgment for damages could potentially impoverish the employee for years or for life.[2] Section 102.03(2), Stats., effectively promotes the purpose of the Worker's Compensation Act by shifting the economic burden of such lawsuits to the industry itself.[3]

Oliver argues that the "certain remedy" clause of the Wisconsin Constitution is violated by the application of sec. 102.03(2), Stats.[4] Oliver contends that when a statute deprives the victim of a tort-feasor a remedy previously recognized, but permits suit for similar personal injuries against a similar defendant, it violates the "certain remedy" clause. He cites *Kallas Millwork Corp. v. Square D Co.*, 66 Wis. 2d 382, 225 N.W.2d 454 (1975), in support of his assertion. In *Kallas*, property owners

---

[2] It is also significant that if not immune from suit under sec. 102.03(2), Stats., a negligent coemployee would be subject to reimbursement liability for funds paid to an injured worker by an employer or the employer's insurance carrier. Such a result would likewise frustrate the purpose of the Worker's Compensation Act.

[3] The recent amendment to sec. 102.03(2), Stats., brought Wisconsin into line with the majority of other jurisdictions. For a compilation of other states which have statutorily extended immunity from suit to coemployees, *see* 48 Miss. Law J., *The Third Party Action—Expanding the Circle of Immunity: Coemployees*, 87, 92, n 24 (1977); 26 Fed. of Ins. Counsel Q., *Co-Employee Suits Under Worker's Compensation*, 327, 331, n. 20 (1976): Annot., 21 A.L.R.3d 845 (1968).

[4] Wis. Const. art. I, § 9, provides:

Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws.

sued negligent installers of a waterline after the six year statute of limitation had expired. The plaintiffs had sustained no damage and, hence, had no cause of action until ten years after the negligent installation. The court held that application of the statute of limitation was unconstitutional under art. I, § 9, the certain remedy clause of the Wisconsin Constitution, as well as under the equal protection clause. Oliver draws an analogy by pointing out that while he could recover against Gary Nelson even though he was an employee if Nelson or a third party owned the vehicle, the statute denies him a recovery when the vehicle is owned by Nelson's employer. Oliver alleges this unlawfully denies him his day in court and a "certain remedy."

Oliver misinterprets the meaning of the certain remedy clause. Absent a statutory foundation for suit, the certain remedy clause of Wis. Const. art. I, § 9, does not confer on plaintiffs the right to bring a cause of action. *Mulder v. Acme-Cleveland Corp.*, 95 Wis. 2d at 189–90, 290 N.W.2d at 284 states:

That section [the certain remedy clause], though of great importance in our jurisprudence, is primarily addressed to the right of persons to have access to the courts and to obtain justice on the basis of the law as it in fact exists. No legal rights are conferred by this portion of the Constitution. Here there is no plausible claim that the parties, in order to have their claims adjudicated under the law, were obliged to purchase justice from public officials as a prerequisite to having their claims adjudicated. [Footnote omitted.]

*Kallas Millwork Corp. v. Square D Co.*, is inapposite. *Kallas* involved a situation where the statute of limitation could run before the wrong was committed, unlike the statute in question which merely changes the remedy from common law negligence to a provision for damages under the Worker's Compensation Act.

Oliver next argues that sec. 102.03(2), Stats., violates Wis. Const. art. I, § 5, in that it abrogates his right to a jury trial. Wis. Const. art. I, § 5, states in relevant part: "The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy; . . . ."

Wis. Const. art. I, § 5, grants to citizens the right to trial by jury in all cases at law. The Wisconsin Supreme Court, however, has held that compensation statutes result in there being no common law tort action against an employer. *Mulder,* 95 Wis. 2d at 183, 290 N.W.2d at 281. Absent a case at law, there is no right to a jury trial under Wis. Const. art. I, § 5.[5]

Oliver also contends that the difference in treatment between employees who drive their own vehicles and employees who drive company vehicles under sec. 102.-03(2), Stats., violates the "inherent rights" clause, Wis. Const. art. I, § 1, and the due process clause of the fourteenth amendment.[6] He contends that the distinction

---

[5] The law has been established by the United States Supreme Court since 1917 that worker's compensation acts may constitutionally serve as a substitute for the right to trial by jury. *New York Central R. Co. v. White,* 243 U.S. 188, 208 (1917); *Hawkins v. Bleakley,* 243 U.S. 210, 216–17 (1917), and *Mountain Timber Co. v. Washington,* 243 U.S. 219, 235 (1917).

[6] Wis. Const. art. I, § 1, provides:

All men are born equally free and independent, and have certain inherent rights; among these are life, liberty and the pursuit of happiness; to secure these rights, governments are instituted among men, deriving their just powers from the consent of the governed.

United States Constitution, Amendment VII, provides in part:

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, . . . .

United States Constitution, Amendment XIV, provides in part:

contained in the act is unconstitutional because it was arbitrarily and capriciously drawn by the legislature. Because we find a reasonable and rational relationship between the distinction and purpose or object of the enactment, *Kahn*, 99 Wis. 2d at 385, 299 N.W.2d at 281, we disagree.

Section 102.03(2), Stats., permits recovery against a coemployee for the negligent operation of a vehicle not owned or leased by the employer. If the employer owned or leased the vehicle, however, no recovery is permitted. Oliver contends that no rational basis exists for this distinction.

We believe there is a substantial difference between persons who drive vehicles which they themselves own and drivers of employer owned vehicles and that this difference provides a basis for separate treatment under the Worker's Compensation Act. Most driver-owners will have automobile liability insurance. It has been recognized that virtually all insurance policies issued to employers for automobile fleet liability protection have excluded indemnification for coemployee recoveries. Most drivers of employer-owned vehicles, when in an accident with a coemployee, would not be covered by insurance. The driver of the company vehicle would, in all likelihood, be unduly burdened by liability in coemployee accidents if the worker's compensation exclusion did not exist. There is, clearly, a rational basis for the distinction.

Lastly, Oliver argues that sec. 102.03(2), Stats., sets up an arbitrary and capricious classification of nonemployee victims of tort-feasors versus employee victims of tort-feasors in violation of the inherent rights clause

---

[N]or shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

and the due process clause of the Wisconsin and United States Constitutions. The basis for this argument lies in the contention that under the statute, Oliver is denied recovery for his suffering and permanent disability, while a third party's right to recovery under the same facts would be unaffected. In essence, Oliver argues that the statute forces him to relinquish his right to sue without receiving any compensation for his forfeiture of rights. He contends that the act's gratuitous denial of personal injury recovery results in his receiving unequal treatment with those nonemployees who would also be involved in an accident with a company owned vehicle.

In this case, again, there is a rational basis for the distinction created. Oliver fails to recognize that the Worker's Compensation Act establishes a *quid pro quo* for the relinquishment of an employee's right to sue a coemployee for the negligent operation of a company vehicle. The relinquishment of the right to sue is not gratuitous. Although an injured employee gives up the right to sue a negligent coemployee, if the injured employee were placed in the same position as the negligent coemployee, he, too, would receive the benefit of being immune from suit. As explained in A. Larson, 2A *Workmen's Compensation Law*, § 72.20;

The barring of suits against a coemployee has been held not an unconstitutional deprivation of the common-law rights of the injured worker.

It is possible, within the bounds of compensation theory, to make out a case justifying this legislative extension of immunity to the coemployee. The reason for the employer's immunity is the *quid pro quo* by which the employer gives up his normal defenses and assumes automatic liability, while the employee gives up his right to common-law verdicts. This reasoning can be extended to the tort feasor co-employee; he, too, is involved in this compromise of rights. Perhaps, so the argument runs, one of the things he is entitled to expect

in return for what he has given up is freedom from common-law suits based on industrial accidents in which he is at fault.

Because we conclude that sec. 102.03(2), Stats., is constitutionally sound, we affirm the trial court's granting of summary judgment in favor of the defendants.

*By the Court.*—Judgment affirmed.