STATE of Wisconsin, Plaintiff-Appellant,†

v.

AMERITECH CORPORATION, Household Bank, N.A. and Household Credit Services, Inc., Foreign Corporations, and Wisconsin Bell, Inc., A Domestic Corporation, Defendants-Respondents.

Court of Appeals

*No. 93–1750. Submitted on briefs February 1, 1994.—Decided May 26, 1994.*

(Also reported in 517 N.W.2d 705.)

†Petition to review granted.

687

For the plaintiff-appellant the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *David J. Gilles*, assistant attorney general.

For the defendants-respondents the cause was submitted on the brief of *John R. Dawson* of *Foley & Lardner* of Milwaukee, *Daniel W. Hildebrand* and *Dennis P. Birke* of *Ross & Stevens, S.C.* of Madison and *Ronald J. Greene, Thomas P. Olson* and *Charles A.*

*Mendels* of *Wilmer, Cutler & Pickering* of Washington, D.C.

For the Wisconsin Academy of Trial Lawyers an amicus curiae brief was submitted by *D.J. Weis* of *Johnson, Weis, Paulson & Priebe, S.C.* of Rhinelander.

Before Eich, C.J., Dykman and Sundby, JJ.

DYKMAN, J.   The State commenced this action seeking injunctive relief and the imposition of civil forfeitures and penalties against Ameritech Corporation, Household Bank and their affiliates (collectively, Ameritech) for violation of the deceptive advertising law, § 100.18(1), STATS., and multiple provisions of the Wisconsin Consumer Act (WCA), chs. 421-427, STATS. The alleged infractions occurred in connection with the promotion and issuance of the Ameritech Complete MasterCard.

The matter was set for a jury trial. However, Ameritech moved to strike the State's request for a jury because the suit is an equitable action. The State opposed the motion, arguing that its right to a jury trial is guaranteed by article I, section 5 of the Wisconsin Constitution which provides:

> The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law. Provided, however, that the legislature may, from time to time, by statute provide that a valid verdict, in civil cases, may be based on the votes of a specified number of the jury, not less than five-sixths thereof.

689

■ After briefs and a hearing, the trial court granted Ameritech's motion. We granted the State leave to appeal from that order. We conclude that a party has a constitutional right to have a statutory claim tried to a jury when: (1) the statute codifies an action known to the common law in 1848; *and* (2) the action was regarded as at law in 1848. Because these conditions are not satisfied in the instant case, the State is not entitled to a jury trial on the issue of Ameritech's liability.[1] Therefore, we affirm.

## I.

The State contends that whether a party has a constitutional right to a jury in a civil action created by statute depends upon whether the claim to be tried is legal or equitable in nature. It relies on the following passage from *Harrigan v. Gilchrist*, 121 Wis. 127, 99 N.W. 909 (1904):

> A statutory action may or may not be an action at law according as the statutory incidents conform to one or the other from a common-law standpoint. The only right of trial by jury guaranteed by the constitution is the right as enjoyed at the time the constitution was adopted. There is no such right as regards a statutory action unless such action is coupled with statutory incidents indicating that it is strictly legal in character, or the remedy of trial by jury is expressly given by the statute.

*Id.* at 281-82, 99 N.W. at 952-53 (citations omitted). The State further argues that "[e]arly decisions of the

---

[1] Citing *Tull v. United States*, 481 U.S. 412 (1987), the State concedes that it is not entitled to have a jury determine the amount of forfeitures and penalties to be imposed.

Wisconsin Supreme Court clearly affirm that actions for statutory forfeitures and penalties were actions at law, entitling the parties to a trial by jury." *See, e.g., Farr v. Spain*, 67 Wis. 631, 31 N.W. 21 (1887). Accordingly, the State concludes that it is entitled to a jury trial in the instant case.

This analysis fails for several reasons. First, it ignores several cases decided since *Harrigan* in which the supreme court has held that there is no constitutional right to a jury trial in a civil action which was created by statute and did not exist at common law when the Wisconsin Constitution was adopted. *See N.E. v. DHSS*, 122 Wis. 2d 198, 203, 361 N.W.2d 693, 696 (1985) (juvenile delinquency proceeding); *General Drivers & Helpers Union, Local 662 v. Wisconsin Employment Relations Bd.*, 21 Wis. 2d 242, 252, 124 N.W.2d 123, 128 (1963) (unfair labor practice claim under ch. 111, STATS.); *Bergren v. Staples*, 263 Wis. 477, 481-83, 57 N.W.2d 714, 716-17 (1953) (action against third-party tortfeasor by worker's compensation insurer); *Bekkedal v. City of Viroqua*, 183 Wis. 176, 192-93, 196 N.W. 879, 885 (1924) (proceeding to challenge city's assessment of cost to pave streets).

*Bergren* involved a wrongful death action brought by an employee's widow and the worker's compensation insurer against the third-party tortfeasor. The widow and the third party reached a settlement to which the insurer objected. The trial court ordered the insurer to accept the settlement pursuant to § 102.29(1), STATS., which provides that any disputes arising between the employee's personal representative and the insurer in prosecuting the claim "shall be passed upon by the court before whom the case is pending." *Bergren*, 263 Wis. at 481, 57 N.W.2d at 715-16.

The insurer argued that the trial court's order abridged its constitutional right to have a jury determine its damages.

The supreme court rejected the argument, noting that at common law, neither the employer nor the worker's compensation insurer could sue a third party for an employee's death. *Id.* at 482, 57 N.W.2d at 716. The court then stated:

> Consequently, any contention advanced that such actions are constitutionally protected against infringement upon the right of trial by jury, is not applicable to this case, in which the cause of action in controversy is one of statutory origin. In *Bentley v. Davidson*, 74 Wis. 420, 43 N.W. 139, this court held that it is competent for the legislature when it provides a new remedy, to prescribe the procedure by which the remedy may be enforced. Applying that rule to the case at bar, since the employer's right is one created by § 102.29(1), Stats., the legislature has plenary power to limit or prescribe the statutory procedure for the prosecution of that right.

*Id.* at 482-83, 57 N.W.2d at 716.[2]

---

[2] According to the State, "[t]he issue of a right to jury trial in workers' compensation actions was more appropriately considered in *Oliver v. Travelers Ins. Co.*, 103 Wis. 2d 644, 651, 309 N.W.2d 383[, 386-87] (Ct. App. 1981)." The State notes that we did not "rely upon or even discuss *Bergren*, but analyzed the issue as turning on whether the claim involved an 'action at law,' " when we said:

> Wis. Const. art. I, § 5, grants to citizens the right to trial by jury in all cases at law. The Wisconsin Supreme Court, however, has held that compensation statutes result in there being no common law tort action against an employer. Absent a case at law, there is no right to a jury trial under Wis. Const. art. I, § 5.

In *N.E.*, its most recent pronouncement on the issue, the supreme court declared:

> We find no merit in N.E.'s argument that the juvenile is guaranteed a right to a jury trial in the adjudicatory phase of a juvenile delinquency proceeding through Art. I, § 5 of the Wisconsin Constitution. . . . The right preserved in Art. I, § 5 of the Wisconsin Constitution is simply the right as it existed at the time of the adoption of [the] constitution in 1848. Juvenile delinquency proceedings did not exist at the time the constitution was adopted and thus, no right to a jury trial in delinquency proceedings could have been preserved.

*N.E.*, 122 Wis. 2d at 203, 361 N.W.2d at 696 (citation omitted).

---

*Oliver*, 103 Wis. 2d at 651, 309 N.W.2d at 386-87 (citation and footnote omitted).

Perhaps one reason we did not cite *Bergren* was the difference in parties invoking the right. In *Bergren*, it was the compensation insurer that brought an action against the third-party tortfeasor, while in *Oliver*, it was the injured employee who attempted to sue a fellow employee. Under the exclusive remedy provision of the Worker's Compensation Act, § 102.03 (2), Stats., an employee is barred, in most instances, from bringing any action against an employer, coemployee or the compensation insurer. An individual cannot be entitled to a jury trial when he or she is prevented from bringing a suit in the first place. We would have reached the same result had we employed the reasoning in *Bergren*. Because a claim for worker's compensation is a new remedy which was not available to an injured employee at common law (in fact, it replaced the employee's common law remedy of an action in tort against the employer), the legislature could prescribe a procedure which excludes a jury trial.

Although we do not accept the State's interpretation of *Harrigan* for the reasons set forth below, to the extent that *Harrigan* would conflict with *N.E.* and *Bergren,* we would be bound by the latter decisions. For when decisions of our supreme court appear to be inconsistent, we follow that court's practice of relying on its most recent pronouncement. *State v. Clark*, 179 Wis. 2d 484, 493, 507 N.W.2d 172, 175 (Ct. App. 1993).

The second flaw in the State's analysis is that by quoting *Harrigan* out of context, it gives the erroneous impression that the decision conflicts with the other precedent we have cited. In *Harrigan,* a group of creditors petitioned the court to sequestrate the stock and assets of an insolvent corporation pursuant to § 3216, STATS., 1898. In discussing the right to trial by jury, the court commented that "the action [was] of the nature known only to courts of equity under the old system," and that "all the statutory incidents point to an action in equity as the only one that will encompass the whole situation." *Harrigan*, 121 Wis. at 282, 99 N.W. at 953. While these statements may suggest that the right to a jury in any action governed by statute turns on whether the claim is legal or equitable, we believe that conclusion is inappropriate.

Although sequestration was provided for by statute, it was not statutory in origin. *Id.* At common law, courts could impose a trust upon a debtor's assets for the benefit of creditors. *Id.* Because article I, section 5 preserves the right to a jury trial in all actions which were regarded as *at law* in 1848, the *Harrigan* court had to consider the nature of a sequestration proceeding to determine whether any party was entitled to a jury upon demand. Had there been no counterpart to sequestration prior to the adoption of the constitution,

it would have been unnecessary for the court to classify the proceeding as either legal or equitable.[3] *See* 4 MARY R. COLLINA ET AL., WISCONSIN PLEADING AND PRACTICE § 33.19, at 416-17 & n.15 (3d ed. 1987) (citing *Harrigan*, 121 Wis. at 281-82, 99 N.W. at 952-53).

The State also relies on *Spensley Feeds, Inc. v. Livingston Feed & Lumber, Inc.,* 128 Wis. 2d 279, 381 N.W.2d 601 (Ct. App. 1985), and *Schramek v. Bohren,* 145 Wis. 2d 695, 429 N.W.2d 501 (Ct. App. 1988), for the proposition that the right to a jury in a purely statutory action depends upon the nature of the claim.

---

[3] The State notes that REV. STATS., 1849, ch. 122, § 1 provided that "where a pecuniary penalty or forfeiture shall be incurred by any person . . . such penalty or forfeiture may be recovered in an action of debt, or in an action of assumpsit . . . ." Because the common law actions of debt and assumpsit were tried to juries, *see* 47 AM. JUR. 2D *Jury* § 39 (1969), the State argues that in 1848, there was a counterpart at law to the statutory forfeiture actions filed under § 100.18, STATS., and the WCA.

However, as the statute cited did not take effect until January 1, 1850, *see* REV. STATS., 1849, ch. 157, § 1, we cannot conclude that the right to trial by jury existed in all forfeiture actions when our constitution was adopted. There was no corresponding provision in the Statutes of the Territory of Wisconsin of 1839. Nevertheless, the State would have us infer from § 21 of "An Act to Provide for and Regulate General Elections," which was included in that statutory compilation, that all statutory forfeiture actions were considered at law and triable to a jury in 1848. That section provided in relevant part:

> If any judge or clerk of the election, or . . . any clerk of the board of county commissioners, shall corruptly violate any of the provisions of this act, he shall forfeit and pay to the county a sum not less than fifty, nor more than five hundred dollars, to be recovered in action of debt, in the name of the county commissioners of the proper county.

The argument is without merit.

695

In *Spensley Feeds*, as in *Harrigan*, we concluded that the parties were not entitled to a jury trial because the action—enforcement of an agreement which was invalid under the statute of frauds—was equitable and fell outside the guarantee of article I, section 5. Again, as in *Harrigan*, it was necessary to make the distinction between legal and equitable claims because the statute under which the plaintiff sought relief, § 706.04, STATS., is a codification of remedies which predated the adoption of the constitution. Thus, the State's reliance on *Spensley Feeds* is misplaced. And in any event, a conflict between a decision of this court and a supreme court opinion is resolved in favor of the supreme court opinion. *See Clark*, 179 Wis. 2d at 493-94, 507 N.W.2d at 175.

In *Schramek*, a domestic abuse case in which the respondent sought a temporary restraining order (TRO) and an injunction, we stated:

> "Historically, injunctive proceedings have been deemed actions in equity, and must still be regarded as such for the purpose of determining the scope of sec. 5, art. I, notwithstanding the statutory merger of law and equity." *Upper Lakes Shipping, Ltd. v. Seafarers' Int'l Union*, 23 Wis. 2d 494, 503, 128 N.W.2d 73, 77-78 (1964). We conclude that because the TRO and injunction as provided for in § 813.12, Stats., are equitable in nature, there is no right to a jury trial under art. I, sec. 5 of the Wisconsin Constitution.

*Schramek*, 145 Wis. 2d at 708, 429 N.W.2d at 506.

In our view, there is no conflict between *Schramek* and the four supreme court cases we cited above. In fact, in *General Drivers & Helpers Union, Local 662*, 21 Wis. 2d at 242, 124 N.W.2d at 123, the court combined the analyses in *Schramek* and *Bergren* in responding

to an employer's claim that it was entitled to have a jury resolve a vacation pay dispute under a collective bargaining agreement. The court stated:

> The legislature had the power to permit the [Wisconsin Employment Relations Board] to hold hearings and take affirmative action, and this does not violate sec. 5, art. I. An unfair labor practice proceeding is in the nature of an equitable proceeding, and a money award is a proper incident to equitable relief. There would be no constitutional distinction between an order for vacation pay and an order for reinstatement of employment with an award of back pay.
>
> The respondent's argument that it is being deprived of the right to a trial by jury also fails for the reason that the right which is constitutionally protected is the right which existed under the common law at the time our constitution came into being. Since unfair labor practice litigation described in ch. 111, Stats., was not in existence at the time that the Wisconsin [C]onstitution came into being, there is no constitutional obligation to afford a jury trial in such proceedings.

*General Drivers & Helpers Union, Local 662*, 21 Wis. 2d at 251-52, 124 N.W.2d at 128 (citation omitted).

The fact that appellate decisions have occasionally focused on the equitable nature of a statutory remedy, rather than its origin, does not compel the conclusion that parties are entitled to a jury in all statutory actions which are legal in nature. The right to trial by jury is preserved in those actions which were regarded as *at law* in 1848. Therefore, if a statutory action is equitable in nature, there can be no constitutional right to a jury trial, regardless of the existence of a counterpart at common law.

697

We conclude that a party has the right under article I, section 5 to have a statutory claim tried to a jury when: (1) the statute codifies an action known to the common law in 1848; *and* (2) the action was regarded as at law in 1848.

In the case before us, there is no dispute that in 1848, the State had no right to commence a civil suit to collect forfeitures for deceptive advertising or violation of the WCA. Thus, any right to a jury trial would be by legislative grant rather than constitutionally protected. But as the State concedes, neither § 100.18, STATS., nor the WCA specifically provides for a jury trial to determine a party's liability. Nor are there any references to § 100.18 or the WCA in any procedural statutes which permit parties to request a jury. Therefore, we conclude that the trial court correctly granted Ameritech's motion to strike the demand for a jury.

## II.

The State offers several additional arguments which we will consider in turn. First, citing *Tull v. United States*, 481 U.S. 412 (1987), the State contends that the "United States Supreme Court has unequivocally held that a right to jury trial exists in civil forfeiture actions based on statutes which do not expressly provide for trial by jury." *Tull* addressed whether a party had a Seventh Amendment right to a jury trial in federal court. As the State concedes, the Seventh Amendment does not apply to actions in state court, and, therefore, we are not bound by *Tull*. *See Green Spring Farms v. Spring Green Farms Assocs. Ltd. Partnership*, 172 Wis. 2d 28, 33 n.2, 492 N.W.2d

392, 394 n.2 (Ct. App. 1992). But we are bound by the decisions of our supreme court, and our opinion is consistent with that court's precedent. *See Clark*, 179 Wis. 2d at 493, 507 N.W.2d at 175.

Next, the State argues that to conclude that it has no right to a jury trial would "contradict current civil practice." Further, "[t]he Legislature routinely provides that damages are available to persons injured as a result of statutory violations. These actions are regularly tried to juries." While the cases cited by the State may mention that the action was tried to a jury, the issue of a party's constitutional right to trial by jury was not before the court in any one of them. Accordingly, this argument also fails.

Third, the State claims that *State v. Graf*, 72 Wis. 2d 179, 240 N.W.2d 387 (1976), "is controlling precedent which recognizes a constitutional right [to a jury trial] in statutory forfeiture actions." In *Graf*, the defendant was charged with drunk driving in violation of § 346.63(1)(a), STATS. Because it was his first offense, he was subject only to a civil forfeiture. He argued that both the prepayment of jury fees and their retention by the State after he was acquitted were unconstitutional. The court upheld the prepayment, but agreed that the retention of the fees after a verdict in the defendant's favor violated "the Wisconsin Constitution's preservation of the right to a jury trial" under article I, section 5. *Graf*, 72 Wis. 2d at 188, 240 N.W.2d at 392.

We do not view *Graf* as controlling. At best, the constitutional right to a jury in civil forfeiture actions is implied by the holding in the case. The court did not discuss whether the right was constitutional or statutory in origin. As the parties recognize, violations of

§ 346.63(1)(a), STATS., are subject to the procedures outlined in §§ 345.21-345.53, STATS. These include informing the defendant of the right to a jury trial upon payment of appropriate fees. Section 345.425(1). The court was concerned with the "chilling effect on the right when the fee is imposed on all who invoke the review of a jury in their defense," rather than the source of the defendant's right. *See Graf*, 72 Wis. 2d at 187-88, 240 N.W.2d at 392. Moreover, the State's interpretation of *Graf* would conflict with the supreme court's analysis in *N.E.*, the more recent opinion. Because we follow the supreme court's most recent pronouncement when its decisions appear to be inconsistent, the implied right in *Graf* does not alter our conclusion. *See Clark*, 179 Wis. 2d at 493, 507 N.W.2d at 175.

Finally, the State maintains that it cannot be denied a jury trial because it has joined legal and equitable claims in the same action. We need not address this argument because we would reach the same conclusion even if the State were not seeking the equitable remedy of an injunction.

*By the Court.*—Order affirmed.