BERGREN, Administratrix, Plaintiff and Respondent, vs. STAPLES and others, Defendants and Respondents: LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff and Appellant.

*March 3—March 31, 1953.*

478

For the appellant there was a brief by *Crawford, Crawford & Cirilli* of Superior, and oral argument by *R. A. Crawford*.

For the respondents there was a brief by *Larsen & Gradin* of Superior, for Beatrice B. Bergren, by *Hughes, Anderson & Davis* of Superior, for Wayne Staples, Guy Pardun, and General Casualty Company of Wisconsin, and by *Powell & Sprowls* of Superior, for Northern Supply & Fuel Company and Aetna Casualty & Surety Company, and oral argument by *Harry E. Larsen* and *John L. Davis*.

FRITZ, C. J.  The plaintiffs in this action are Beatrice B. Bergren, the widow of Richard Bergren, and the Liberty Mutual Insurance Company, the compensation insurer of Marsch Construction Company, the employer of Richard Bergren.  The defendants are Wayne Staples, and his employer Guy Pardun, the owner of the truck operated by Staples; the General Casualty Company of Wisconsin, the automobile liability insurer of Guy Pardun.  Northern Supply & Fuel Company and its insurer, Aetna Casualty & Surety Company, were also named defendants on the theory that Staples was acting as their agent and employee at the time of the accident.  The two groups of defendants and their respective insurers cross-complained against the others for contribution.

Richard Bergren was killed while working for the Marsch Construction Company, in Douglas county, Wisconsin, in charge of directing the unloading of trucks on a highway-construction job.  The facts attending his death are not in dispute on this appeal, and the sole question to be decided is whether or not the trial court had the power under sec. 102.29 (1), Stats., to order the payment of $5,500 to

Beatrice Bergren and Liberty Mutual Insurance Company in settlement of their claims against the defendants for the death of Richard Bergren. It is undisputed that Liberty Mutual Insurance Company is entitled to prosecute this action along with the widow of the decedent by virtue of sec. 102.29 (1), which is entitled "Third-party liability," and which reads in part as follows:

"The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall likewise have the right to make claim or maintain an action in tort against any other party for such injury or death."

Under the policy which Liberty Mutual Insurance Company had issued to Marsch Construction Company, proceedings were had under the Wisconsin Compensation Act, which resulted in an award in favor of the widow against Liberty Mutual Insurance Company in the amount of $10,457.48, together with burial expenses in the sum of $300. Thereupon, by order of the court on March 17, 1952, Liberty Mutual Insurance Company was made a party plaintiff to the action, which originally had been commenced by Beatrice Bergren against the third-party tort-feasor.

When the case was called for trial, and a jury was selected, the court was informed of the offers of judgment which the two defendant insurance companies had made to the plaintiffs; namely, $4,750 by the General Casualty Company on behalf of Wayne Staples, and $750 by Aetna Casualty & Surety Company on behalf of Northern Supply & Fuel Company. The relative positions of the respective parties were stated to the court, and Liberty Mutual Insurance Company objected to the acceptance of the offer of $5,500 and contended that the provision in sec. 102.29 (1), Stats., which expressly permits the court before whom the action is pending to pass upon disputes arising out of the prosecution of claims under said statute, was not applicable to the situation in this

case, or if in the alternative it were applicable, it was an unconstitutional delegation of power to the court. Consequently, Liberty Mutual Insurance Company, considering the offer insufficient, refused to join in a release which the defendants had demanded as a condition of their offer of judgment.

Sec. 102.29 (1), Stats., provides in part as follows:

"The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employee shall not affect the right of an employee, his personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a third party; nor shall the making of a claim by any such person against a third party for damages by reason of an injury to which sections 102.03 to 102.64 are applicable, or the adjustment of any such claim, affect the right of the injured employee or his dependents to recover compensation. . . . Each shall have an equal voice in the prosecution of said claim, and any disputes arising shall be passed upon by the court before whom the case is pending, . . ."

The trial court construed said provisions as authorizing the court to require the employer, who is in this case represented by Liberty Mutual Insurance Company, to join in accepting the offer of settlement. It is our conclusion that as the case at bar presents a situation where there is pending a dispute which has arisen before the trial court, that the court is authorized by that section quoted above to require the employer to join in an offer of settlement.

Appellant contends that the court erred in construing the statute as it did, for in doing so, the appellant was denied the right to a trial by jury and the right to insist upon what would have been awarded to appellant at the close of the trial; and if sec. 102.29 (1), Stats., be given that construction, it is repugnant to the Wisconsin constitution, in that it deprives appellant of a trial by jury. That contention can-

not be sustained. If the employer would have had the right, in the absence of statute, to sue for the death of the employee, then it might be successfully argued that any enactment on the part of the legislature to authorize the court to compel a settlement, would be an unconstitutional delegation of power to a court. This court has held, however, in such cases as *Marshall-Jackson Co. v. Jeffery,* 167 Wis. 63, 166 N. W. 647, and *Patitucci v. Gerhardt,* 206 Wis. 358, 240 N. W. 385, that an employer is not subrogated to the rights of an employee who is injured by a third person. Applying that rule to the case at bar, it is apparent that Liberty Mutual Insurance Company, as insurer of the employer, would have no cause of action against the defendants were it not for the statutory provision in sec. 102.29 (1), which enables the compensation insurer to bring such action in tort after he has paid, or has become obligated to pay, a lawful claim under the statute. Appellant's contention that such cause of action as is authorized by sec. 102.29 (1) is not a new cause of action created by statute, simply because it does not create any new responsibility or liability in tort for the damages sustained, is based upon a specious line of reasoning. Liberty Mutual Insurance Company contends that the cause of action in question is to be measured by the sole consideration of the extent of liability of the third-party tort-feasor. It does not take into consideration the factor of who may sue the third-party tort-feasor. While it is true that the employer or his compensation insurer, and the employee or his personal representative, cannot recover twice against the third-party tort-feasor, still by virtue of the fact that Liberty Mutual Insurance Company can maintain the action at all, makes for a new cause of action on the part of the employer or his compensation insurer, that did not exist at common law. Consequently, any contention advanced that such actions are constitutionally protected against infringement upon the right of trial by jury, is not applicable to this case, in which the

cause of action in controversy is one of statutory origin. In *Bentley v. Davidson,* 74 Wis. 420, 43 N. W. 139, this court held that it is competent for the legislature when it provides a new remedy, to prescribe the procedure by which the remedy may be enforced. Applying that rule to the case at bar, since the employer's right is one created by sec. 102.29 (1), Stats., the legislature has plenary power to limit or prescribe the statutory procedure for the prosecution of that right. The construction placed upon that statute by the trial court was not, therefore, erroneous nor violative of the spirit of the section in question. It provides that in such a situation, where two claimants cannot agree as to the proper prosecution of a claim, then the court can pass upon that dispute, without a jury trial. It is apparent that this provision, in the light of the circumstances attending its application—namely, that it is only applicable to a situation where the cause of action which is being prosecuted is of statutory origin, as opposed to one which owes its existence to the common law—is broad enough to authorize the judge, before whom the action is pending, to settle disputes other than those involving mere matters of procedure as is claimed by appellant.

It is well-settled law in this state that sec. 102.29 (1), Stats., constitutes a part of the contract of employment between an employer and an employee, who come within the provisions of the Wisconsin Compensation Act. *Anderson v. Miller Scrap Iron Co.* 176 Wis. 521, 182 N. W. 852, 187 N. W. 746. Although the workmen's compensation acts were challenged upon their enactment, as being an unlawful interference with the private right to contract, it was held in *New York Central R. Co. v. White,* 243 U. S. 188, 37 Sup. Ct. 247, 61 L. Ed. 667, that the alleged interference was a proper and legitimate exercise of the police power. As both employer and employee in the case at bar come within the provisions of the Wisconsin Compensation Act,

it is a part of their contract of employment that in making a third-party-liability claim, as is contemplated by sec. 102.29 (1), Stats., if any dispute should arise between the parties thereto in the prosecution of such claim, it shall be passed upon by the court before whom the action is pending. This is tantamount to a waiver of trial by jury by operation of law, as appellant, being a party to the contract of employment, must be deemed to have waived any right inconsistent with the rights afforded by the provisions of the act, which is a part of that contract.

Regarding appellant's contention that sec. 102.29 (1), Stats., is not only violative of the Wisconsin constitution, as depriving appellant of a trial by jury, but is also violative of the United States constitution as depriving it of property without due process of law, it must be remembered that both employer and employee, as parties to this contract of employment, are bound by the burdensome parts of the act, as well as benefited by the favorable provisions therein. In the case of Liberty Mutual Insurance Company, as compensation insurer of Marsch Construction Company, the employer, the benefit is the barring of the employee's widow from any other remedy that is not afforded by the act itself.

In *Beck v. Hamann,* ante, pp. 131, 137, 56 N. W. (2d) 837, this court stated:

"In questioning the constitutionality of the act so applied, appellant [employee] ignores the fact that this court and the United States supreme court have long recognized the power of the legislature to vary the rules of the common law as to persons in the relation of employer and employee. *Borgnis v. Falk Co.* (1911), 147 Wis. 327, 133 N. W. 209; *New York Central R. Co. v. White* (1917), 243 U. S. 188, 37 Sup. Ct. 247, 61 L. Ed. 667.

"But, in any event, appellant is not entitled to raise the question. He has applied for and received benefits under the act, and by doing so has admitted that all the conditions exist which bring the act into play. Having accepted the

benefits of the act, he is in no position to attack its consti-
tutionality. It was so held in *Schutt v. Kenosha* (1950),
258 Wis. 83, 44 N. W. (2d) 902, that one applying for and
receiving a license to deliver milk in a city, and thus accepting
the benefits of the licensing ordinance, waived his right to
contest the constitutionality of certain provisions in the ordi-
nance regarding inspection fees. The court there quoted from
*Fahey v. Mallonee* (1947), 332 U. S. 245, 255, 67 Sup.
Ct. 1552, 91 L. Ed. 2030: 'It is an elementary rule of con-
stitutional law that one may not retain the benefits of the
act while attacking the constitutionality of one of its impor-
tant conditions.' "

In the case at bar, Liberty Mutual Insurance Company,
standing in the shoes of the employer, received the benefits
of the Wisconsin Compensation Act in confining the widow
to the exclusive remedy against the employer of proceeding
under the act; and is thereby precluded from questioning
the constitutionality of any part of the act, which it now may
find burdensome, such as the provision in sec. 102.29 (1),
Stats., which gives the trial court the right to settle a dispute
between the two plaintiffs, as to whether or not a compromise
settlement offered by the defendant should be accepted.

Consequently, the trial court did not err in construing
sec. 102.29 (1), Stats., as it did. Either looking at the cause
of action in question as a statutory one, and governed by
*Bentley v. Davidson, supra,* or as one protected against the
involuntary infringement by the state and federal constitu-
tions, but waived by the voluntary act of the employer and
employee in entering into their contract of employment, the
court by reason of that section had full power to order such
procedure, and under the circumstances of this case, was not
guilty of any abuse of discretion in ordering Liberty Mutual
Insurance Company to accept the offer of settlement as made
by the defendants.

*By the Court.*—Judgment affirmed.