Kevin S. DALKA, Plaintiff-Appellant,†

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
David D. Kempka, and Zurich American
Insurance Company, Defendants-Respondents,

James K. GAMBSKY, Sr. and
Mid-States Express, Inc., Defendants.

Court of Appeals

*No. 2010AP1428. Submitted on briefs April 26, 2011.
—Decided May 24, 2011.*

2011 WI App 90

(Also reported in 799 N.W.2d 923.)

† Petition for Review filed.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Anthony O'Malley* of *Zacherl, O'Malley & Endejan, S.C.*, Fond du Lac.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Charles W. Kramer* of *Deutch & Weiss, LLC*, Milwaukee.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. HOOVER, P.J. Kevin Dalka appeals an order compelling him to accept a third-party tortfeasor's offer of settlement pursuant to WIS. STAT. § 102.29(1), as requested by his co-plaintiff employer's worker's compensation insurer.[1] Dalka argues he was deprived of his constitutional right to a jury trial, contrary to WIS. STAT. § 805.01. We conclude that an employee who receives worker's compensation benefits waives his or her unilateral right to a jury trial in a related third-party tort action. We therefore affirm.

## BACKGROUND

¶ 2. Dalka was involved in a motor vehicle accident in the course of his employment. His employer's worker's compensation insurer, Zurich American Insurance Company, paid him benefits. Dalka subsequently injured himself while working when he slipped and fell. Zurich again paid his claims for benefits. Dalka was

---

[1] It appears Zurich American Insurance Company was incorrectly identified as a defendant in the caption.

All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

later involved in another motor vehicle accident, which was not work-related. Dalka eventually brought tort actions against the drivers of the other vehicles in both accidents. Zurich was a plaintiff in the first case, but not involved in the second. The two cases were consolidated because of questions concerning the origin of Dalka's injuries.

¶ 3. Prior to trial, the driver and his automobile liability insurer from the first accident offered to settle Dalka's and Zurich's claims for a total of $8,500. When Dalka refused, Zurich moved to compel Dalka to accept the offer. At a hearing on the motion, Dalka was not present and his counsel offered no argument that the circuit court lacked authority to compel Dalka to settle pursuant to Wis. Stat. § 102.29(1). The court observed it had discretion to do so, as recognized by *Bergren v. Staples*, 263 Wis. 477, 57 N.W.2d 714 (1953).

¶ 4. After inquiring into the nature and strength of Dalka's and Zurich's case, the court determined it was appropriate to compel Dalka to accept the offer. The court observed, "I doubt that you'd get $8,500 for this case . . . . I think it's in [Dalka's] best interest, based on what's been described as the facts of the case and they're not in dispute. . . . Quite frankly, I think this is more than the case would be worth, so I am going to grant the motion." Dalka now appeals.

## DISCUSSION

██ 

¶ 5. Dalka forfeited his right to appellate review of the order compelling him to accept the settlement offer. At the motion hearing, he offered no argument that the circuit court lacked authority to compel him to accept the offer under Wis. Stat. § 102.29(1). He also

failed to move the court for reconsideration. It is a fundamental principle of appellate review that issues must be preserved in the circuit court. *State v. Huebner*, 2000 WI 59, ¶ 10, 235 Wis. 2d 486, 611 N.W.2d 727. Issues that are not so preserved, even alleged constitutional errors, generally will not be considered on appeal. *Id.*

¶ 6. Nonetheless, we elect to consider Dalka's appeal. The forfeiture rule is merely one of administration; it does not affect our power to address issues. *Northern States Power Co. v. Town of Hunter Bd. of Supv.*, 57 Wis. 2d 118, 133, 203 N.W.2d 878 (1973). Because the appeal involves a question of law rather than of fact, and has been briefed by both sides, we hold that it is one of sufficient public interest to merit decision. *See Binder v. City of Madison*, 72 Wis. 2d 613, 618, 241 N.W.2d 613 (1976).

¶ 7. Dalka argues the circuit court's interpretation of the third-party liability statute, Wis. Stat. § 102.29(1), deprived him of his right to a jury trial under article I, section 5 of the Wisconsin Constitution. Subsection 102.29(1) provides in part:

> The employer or compensation insurer who shall have paid . . . a lawful [worker's compensation] claim . . . shall have the same right [as the employee] to make claim or maintain an action in tort against any other party for such injury or death. . . . Each shall have an equal voice in the prosecution of said claim, and any disputes arising shall be passed upon by the court before whom the case is pending[.]

Thus, § 102.29(1) transforms a worker's compensation insurer's right of subrogation into a right to bring direct

claims against third-party tortfeasors. *See Bergren*, 263 Wis. at 480 ("It is undisputed that [the insurer] is entitled to prosecute this action along with the [employee] by virtue of [Wis. Stat.] § 102.29(1)."); *Campion v. Montgomery Elev. Co.*, 172 Wis. 2d 405, 412, 493 N.W.2d 244 (Ct. App. 1992) ("[T]he rights granted by the statute are distinct from subrogation. . . . The employee is not a necessary party to the action."). In fact, the statute even permits the worker's compensation insurer to recover for the employee's pain and suffering, even if the employee does not join in the suit. *Threshermens Mut. Ins. Co. v. Page*, 217 Wis. 2d 451, 455–56, 577 N.W.2d 335 (1998).

¶ 8. This case is controlled by *Bergren*. Like here, *Bergren* involved a tort action against a third party by an employee and the worker's compensation insurer who paid his claims.[2] *Bergren*, 263 Wis. at 479. As here, the defendants offered to settle. *Id.* at 480. There, however, it was the employee who wished to accept the offer, but the worker's compensation insurer refused. *Id.* at 480–81. Relying on Wis. Stat. § 102.29(1), the circuit court compelled the worker's compensation insurer to accept the settlement offer and forego its right to trial. *Bergren*, 263 Wis. at 481. Our supreme court affirmed. *Id.* at 481, 485.

¶ 9. *Bergren* relied on two independent rationales. *See id.* at 485. First, the court concluded the worker's compensation insurer did not have a right to trial under the Wisconsin Constitution. This was because the insurer would have had no common law right to bring an independent claim against the third party,

[2] To be precise, it was the employee's widow who brought the tort action. The employee was killed in the course of his employment. *Bergren v. Staples*, 263 Wis. 477, 478–79, 57 N.W.2d 714 (1953).

its right instead arising under WIS. STAT. § 102.29(1). *Bergren*, 263 Wis. at 482–83. However, the court explained:

> If the employer would have had the right, in the absence of statute, to sue for the death of the employee, then it might be successfully argued that any enactment on the part of the legislature to authorize the court to compel a settlement would be an unconstitutional delegation of power to a court.

*Id.* at 482. Dalka seizes on this language as the basis for his argument, asserting that he would have a common law right to sue and, therefore, does have a constitutional right to trial. Dalka's argument is much ado about nothing.

¶ 10. Dalka's argument might be persuasive if *Bergren* had concluded its analysis after determining there was no constitutional right infringed. However, the court further held that there would be no violation even if there was a constitutional right to trial. *Id.* at 483–85. The court explained:

> As both employer and employee . . . come within the provisions of the Wisconsin Compensation Act, it is a part of their contract of employment that in making a third party liability claim, as is contemplated by [WIS. STAT.] § 102.29(1), if any dispute should arise between the parties thereto in the prosecution of such claim, it shall be passed upon by the court before whom the action is pending. *This is tantamount to a waiver of trial by jury by operation of law,* as appellant, being a party to the contract of employment, must be deemed to have waived any right inconsistent with the rights afforded by the provisions of the act, which is a part of that contract.

*Id.* at 483–84 (emphasis added). Therefore, even accepting that Dalka had a constitutional right to press his

claim to trial, *Bergren* compels the conclusion that he waived that right when he applied for and received worker's compensation benefits. As noted above, the statute provides that an employee's claim is shared by a "compensation insurer who shall have paid or is obligated to pay a lawful claim." WIS. STAT. § 102.29(1).

¶ 11. In *Bergren*, the worker's compensation insurer also argued that the statute violated due process. The court rejected that argument as well, quoting a prior case rejecting an *employee's* attack on the constitutionality of the Wisconsin Compensation Act: "[A]ppellant is not entitled to raise the question. He has applied for and received benefits under the act . . . . Having accepted the benefits of the act, he is in no position to attack its constitutionality." *Bergren*, 263 Wis. at 484–85 (quoting *Beck v. Hamann*, 263 Wis. 131, 138, 56 N.W.2d 837 (1953)).

¶ 12. Ultimately, *Bergren* held that WIS. STAT. § 102.29(1) "gives the trial court the right to settle a dispute between the two plaintiffs, as to whether or not a compromise settlement offered by the defendant should be accepted." *Bergren*, 263 Wis. at 485. This language does not differentiate between the plaintiffs, that is, the employee and the worker's compensation insurer. Reading *Bergren* as a whole, we conclude its holding must be applied equally as against the employee or the worker's compensation insurer. We are bound by that holding. *See Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997).

*By the Court.*—Order affirmed.