ANN WALSH BRADLEY, J.
¶ 84. (dissenting). The lynchpin of the majority's analysis lies in its unsupportable assertion that the common law right of the employee to bring a tort action against a negligent third party was abrogated by the enactment of Wis. Stat. § 102.29. Majority op., ¶ 27. Such an assertion unfor *565 tunately rewrites history, sub silencio overrules almost a century of well-settled precedent, and ignores the words of the statute.
¶ 85. I say "rewrites history," because an examination of the history reveals that it is the common law right of an employee to bring a tort action against the employer that was alone abrogated by the 1911 Worker's Compensation Act — not the common law right of an injured employee to bring a common law tort action against a negligent third party.
¶ 86. As this court pointedly stated in 1927, an examination of the legislative and statutory history of the worker's compensation law "leave[s] no doubt that the legislature intended to preserve the right to maintain an action in tort against any person, other than the employer, who is responsible for the acts causing injury to a workman." Cermak v. Milwaukee Air Power Pump Co., 192 Wis. 44, 48, 211 N.W. 354 (1927).
¶ 87. I say "sub silencio overrules" because without even acknowledging its existence, the majority apparently overrules almost a century of our precedent that has clearly and repeatedly provided that the common law right to maintain a tort action against a negligent third party was unaffected by the enactment of Wis. Stat. § 102.29.
¶ 88. In 1915, this court stated "the law [the Worker's Compensation Act] does not attempt in any way to abridge the remedies which an employee of one person may have at law against a third person for a tort which such third person commits against him." Smale v. Wrought Washer Mfg. Co., 160 Wis. 331, 334, 151 N.W. 803 (1915) (emphasis supplied); see also Severin v. Luchinske, 271 Wis. 378, 383, 73 N.W. 2d 477 (1955) *566 ("That remedy [a third party action] existed at common law and was neither enlarged nor impaired by enactment of sec. 102.29.").[1]
¶ 89. Finally, if the history and a century of precedent were not enough, the language of the statute expressly answers whether the enactment of the Worker's Compensation Act abrogated the right of the injured employee to bring a common law cause of action in tort against a negligent third party. It did not.
¶ 90. The statute expressly provides that the bringing of a worker's compensation claim "shall not affect the right of the employee, the employee's personal representative, or other person entitled to make claim or maintain an action in tort against any other party for such injury or death ...." Wis. Stat. § 102.29(1).
¶ 91. Under the majority's precarious analysis, it determines that because the injured employee's common law right to bring a tort action against a negligent third party has been abrogated by the Worker's Compensation Act, there is no right to a jury trial. Accordingly, it concludes that a court may compel an employee to settle a claim, but offers no meaningful guidance on the standard or process to be used. Instead, it merely cautions circuit courts to be "fair." A standard of "fairness" provides no standard at all.
¶ 92. Contrary to the majority, I conclude that based on the history of the worker's compensation law, longstanding precedent, and the express language of the statute, the employee's common law cause of action against a third party tortfeasor was not abrogated by the Worker's Compensation Act. Because an employee's common law cause of action against a third party tortfeasor preexisted the Wisconsin Constitution and *567 continues to this day, the Wisconsin Constitution requires that the right to a jury trial apply to such a claim. Accordingly, I conclude that the court cannot compel settlement here, and I respectfully dissent.
I
¶ 93. The majority's analysis of whether Adams has a right to a jury trial is misguided from the beginning. It introduces the issue as whether there is a right to a jury trial for a statutory claim and then frames its analysis as whether the claim created by Wis. Stat. § 102.29(1) is the counterpart of a cause of action at law that was recognized at the time of the adoption of the Wisconsin Constitution. Majority op., ¶¶ 5, 48, 57 (emphasis supplied). However, this is not the issue. The issue is whether a litigant had a right to sue a third party tortfeasor at common law for a work-related injury.
¶ 94. Article I, section 5 of the Wisconsin Constitution protects the right to a trial by jury. It provides: "The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy." Wis. Const. Art. I, §5. "This section clearly indicates that non-statutory causes of action at law, where the jury trial was guaranteed before the passage of the state constitution, would continue to have a guaranteed right to a jury trial attached even after the passage of the constitution." Vill. Food & Liquor Mart v. H & S Petroleum, Inc., 2002 WI 92, ¶ 10, 254 Wis. 2d 478, 647 N.W.2d 177 (emphasis in original). Thus, if a litigant files suit based on a common law cause of action, and the right to a jury trial for that cause of action preceded the passage of the state constitution, the litigant has a constitutional right to a jury trial.
*568 ¶ 95. The common law right of an individual to seek redress for an injury caused by another has existed for centuries. As far back as 1768, Blackstone discussed personal actions "whereby a man claims satisfaction in damages for some injury done to his person or property." Sir William Blackstone, 3 Commentaries on the Laws of England 111 (1768).[2] Blackstone referred to such actions as "trespass upon the case," and noted that such cases were assessed by a jury. Id. at 122, 273-74. As the majority acknowledges, "trespass on the case" is the ancestor of the present day action for negligence. Majority op., ¶ 56 (quoting Mueller v. Brunn, 105 Wis. 2d 171, 180, 313 N.W.2d 790 (1982)).
¶ 96. Actions at common law, such as negligence, are not easily abrogated by statute. It has long been established that "[statutes are not to be construed as changing the common law unless the purpose to effect such change is clearly expressed therein. To have such effect 'the language [of the statute] must be clear, unambiguous and peremptory.'" Maxey v. Redevelopment Authority of Racine, 94 Wis. 2d 375, 399, 288 N.W.2d 794 (1980) (quoting Wisconsin Bridge & Iron Co. v. Industrial Comm., 233 Wis. 467, 474, 290 N.W. 199 (1940)).
¶ 97. Because the common law right of an employee to seek redress from a third party tortfeasor is a right preceding the Wisconsin Constitution, it cannot be abrogated absent clear, unambiguous, peremptory statutory language. As discussed below, there is nothing in the history of the Worker's Compensation Act, this court's interpretation of it, or the Act's plain language *569 to indicate that it was intended to perempt the common law right to maintain an action against a third partytortfeasor.
A. History
¶ 98. Wisconsin has played a significant role in the history of worker's compensation law in this country. On May 3, 1911, Wisconsin became the first state in the nation to pass a broad, constitutionally valid worker's compensation law. Borgnis v. Falk Co., 147 Wis. 327, 133 N.W. 209 (1911); Joseph A. Ranney, Trusting Nothing to Providence: A History of Wisconsin's Legal System 344 (1999). In response, Employers Mutual Insurance Company of Wausau was formed and established in a one-room office above a cigar store in downtown Wausau. On September 2, 1911, one day after the law became effective, it issued the nation's first constitutionally valid worker's compensation policy. Soon thereafter worker's compensation legislation became effective in nine other states.[3]
¶ 99. The Wisconsin Industrial Commission was created also as a result of the passage of the worker's compensation legislation. Its first chair was Charles Crownhart who subsequently served as a justice on the Wisconsin Supreme Court. No doubt his knowledge and experience illumined some of the early worker's compensation decisions of this court — decisions that are sub silencio being overruled by the majority's holding today.
*570 ¶ 100. Prior to 1911 employees had the right to sue their employers at common law but often lost because of common law defenses. Robert Asher, "The 1911 Wisconsin Workmen's Compensation Law: A Study in Conservative Labor Reform," Wisconsin Magazine of History, Vol. 57 at 125 (1973). There was no recovery against an employer if it was determined that the employee assumed the risk, the employee was negligent in any way, or the injury occurred because of the negligence of a fellow employee. However, if the employee was successful, there was no limit on the amount the employee could recover. Id.; Robert W Ozanne, The Labor Movement in Wisconsin: A History 125-26 (1984).
¶ 101. The Worker's Compensation Act was passed as a compromise between the employer's and employee's interests. Employers lost their common law defenses, trading them for a no fault system under which employees were obliged to accept a limited and scheduled amount. Mulder v. Acme-Cleveland Corp., 95 Wis. 2d 173, 180, 290 N.W.2d 276 (1980).
¶ 102. The abrogation of common law claims against employers in the Worker's Compensation Act did not extend to common law claims against third party tortfeasors. When it was first enacted in 1911, the Worker's Compensation Act provided that making a claim for compensation under the law would "act as an assignment of any cause of action in tort which the employee or his personal representative may have against any other party." §1, ch. 50, Laws of 1911.
¶ 103. An amendment to the Worker's Compensation Act in 1913 provided that the making of a claim by an employee against a third party "shall operate as a waiver of any claim for compensation." §1, ch. 599, Laws of 1913. Although the law allowed an employee to assign the employee's common law tort claim and elect *571 to either pursue a tort claim against a third party or a claim for worker's compensation, it did not eliminate the common law right to sue a third party tortfeasor.
¶ 104. Even though the common law right to sue a third party remained, most employees chose the worker's compensation claim and few employers exercised their assignment rights. Robert L. Millender, Expanding Employees' Remedies and Third Party Actions, 17 Clev. St. L. Rev. 32, 33 (1968). This left the third party tortfeasor with "a windfall." Id. Although there was justification to remove tort liability from an employer because the employer was liable regardless of fault under the Worker's Compensation Act, the third party tortfeasor gave up nothing and ended up with the equivalent of immunity due to employers' reluctance to sue. Id.
¶ 105. Accordingly, in 1931 the Worker's Compensation Act was amended to eliminate the requirement that an employee select between a common law tort claim against a third party tortfeasor and a worker's compensation claim. Drafting file for ch. 132, Laws of 1931, Legislative Reference Bureau, Madison, Wis. ("The third party liability is to be changed so that an injured workman may in all cases claim compensation without surrendering his right to sue a third party."). The new language provided:
The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not affect the right of the employe or his personal representative to make a claim or maintain an action in tort against any other party for such injury or death, but the employer or his insurer shall be entitled to reasonable notice and an opportunity to join in such action.
§2, ch. 132, Laws of 1931. Despite slight amendments to the law since 1931, it continues to this day to protect *572 the employee's common law right to make a claim against a third party tortfeasor. Wis. Stat. § 102.29(1).
B. Century of Precedent
¶ 106. Consistent with its history, courts have repeatedly recognized that the Worker's Compensation Act does not impair an employee's common law right to maintain a tort action against a third party tortfeasor. Almost one hundred years ago, the Wisconsin Supreme Court succinctly expressed the law which should be guiding the majority today: "The law does not attempt in any way to abridge the remedies which an employee of one person may have at law against a third person for a tort which such third person commits against him." Smale, 160 Wis. at 334.
¶ 107. Likewise, in Cermak, 192 Wis. at 47, the court, interpreting an early version of the statute, stated "[t]he workmen's compensation act clearly evidences a legislative intent that the payment of compensation by an employer shall not relieve the one whose tortious act caused this injury from liability therefor. This intent is shown by sec. 102.29, Stats., which carefully preserves the right to maintain an action in tort against such other person whose acts caused the injury."[4]
¶ 108. The court explained that although receiving worker's compensation benefits "operates as an assignment of any cause of action in tort," that assignment "is merely for the purpose of repaying to the *573 employer the amount of the compensation paid the injured employee." Id. at 47-48. Accordingly, it concluded that the provisions of the Worker's Compensation Act "leave no doubt that the legislature intended to preserve the right to maintain an action in tort against any person, other than the employer, who is responsible for the acts causing injury to a workman." Id. at 48.
¶ 109. After the 1931 amendment to the Worker's Compensation Act, courts continued to recognize that it did not impair an employee's common law right to maintain a tort action against a third party tortfeasor:
The fact that sec. 102.29, Stats., appears in the chapter entitled "Workmen's Compensation" does not change the character of the action brought against a third party, which as we have said, is one at law founded in tort. There is nothing in the Workmen's Compensation Law which discloses a legislative purpose of creating a new remedy for an injury to an employee caused by the negligent act of a third party. That remedy existed at common law and was neither enlarged nor impaired by enactment of sec. 102.29.
Severin, 271 Wis. at 383; see also Employers Mut. Liability Ins. Co. v. De Bruin, 271 Wis. 412, 415, 73 N.W.2d 479 (1955) ("The cause of action is one at common law; the fact that it is recognized in a section of the Workmen's Compensation Law does not change the fact that [the tortfeasor's] liability is based upon his wrongful acts.").
¶ 110. The court expressed similar sentiments in McGonigle v. Gryphan, 201 Wis. 269, 272, 229 N.W. 81 (1930) ("[I]t is clear from a consideration of the whole act that it did not affect rights of action which existed under the common law in any cases except those in which the parties involved sustained toward each other the relationship of employer and employee.").
*574 ¶ 111. Wisconsin is not alone in interpreting its worker's compensation law as preserving the common law right of an employee to sue a third party tortfeasor. Other states have likewise determined that their worker's compensation laws do not abrogate the common law right to maintain an action against a third party tortfeasor. See, e.g., Runcorn v. Shearer Lumber Prods., 690 P.2d 324, 328 (Idaho 1984) ("the workmen's compensation law does not disturb the injured employee's right to sue a third party for 'legal liability to pay damages'"); County of San Diego v. Sanfax Corp., 568 P.2d 363, 367-68 (Cal. 1977) ("The workers compensation statutes governing employer and employee actions against third parties do not define the substantive law which determines whether an employee or an employer will in fact recover. Instead, the substantive law which governs ... is usually the general tort law."); St. Paul Fire & Marine Ins. Co. v. Wood, 416 S.W.2d 322, 327 (Ark. 1967) ("[The worker's compensation law] recognizes the employee's common law tort action against third persons."); Keener Oil & Gas Co. v. Bushong, 56 P.2d 819, 821 (Okla. 1936) ("There is nothing whatever in the [Worker's Compensation] act under which it may be claimed there was a purpose or attempt to limit, modify, or cancel the common-law liability of a third party for his tortious injury of a workman.").
C. Language of the Statute
¶ 112. This precedent is consistent with the plain language of the statute. It expressly provides that the making of a claim for compensation against an employer shall not affect the right of an employee to make a claim or maintain an action in tort against any other party. Wis. Stat. § 102.29(l)(a).
*575 ¶ 113. The statute states:
(a) The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employee shall not affect the right of the employee, the employee's personal representative, or other person entitled to bring action to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a 3rd party. . ..
(b) ... Each shall have an equal voice in the prosecution of the claim, and any disputes arising shall be passed upon by the court before whom the case is pending....
Wis. Stat. § 102.29(1) (emphasis supplied).
¶ 114. Wisconsin Stat. § 102.29(1) should not be read as an abrogation of the common law right to a jury trial. As discussed above, statutes are not to be read as derogating the common law unless the legislative purpose to do so is clearly expressed in the language of the statute. Maxey, 94 Wis. 2d at 399. Such "legislative intent to change the common law must be expressed 'beyond any reasonable doubt.'" Kranzush v. Badger State Mut. Cas. Co., 103 Wis. 2d 56, 74, 307 N.W.2d 256 (1981) (citing Grube v. Moths, 56 Wis. 2d 424, 437, 202 N.W.2d 261 (1972); Burke v. Milwaukee & Suburban Transport Corp., 39 Wis. 2d 682, 690, 159 N.W.2d 700 (1968)). Thus, to accomplish a change in the common law, "the language [of the statute] must be clear, unambiguous, and peremptory." Maxey, 94 Wis. 2d at 399.
¶ 115. Although the juxtaposition of the phrase "any disputes arising shall be passed upon by the court," in subsection (l)(b) with the above emphasized language in subsection (l)(a) may give rise to some uncertainty as to its meaning, it most certainly is not "clear, *576 unambiguous, and peremptory," in limiting the longstanding right of an employee to a jury trial for injuries caused by a third party tortfeasor. Wisconsin Stat. § 102.29(l)(b) may give a court the ability to pass upon other disputes that arise during the prosecution of a case. However, it does not — beyond a reasonable doubt —permit a court to compel an employee to settle a claim against a third party tortfeasor, thereby forcing surrender of the employee's right to a jury trial. To the extent that Dalka v. Am. Family Mut. Ins. Co., 2011 WI App 90, 334 Wis. 2d 686, 799 N.W.2d 923, suggested otherwise, I conclude that it was in error.
¶ 116. Dalka involved an $8,500 settlement offer to the plaintiff where there were consolidated cases with different parties, multiple accidents, and disputes over the origin of the injury. In its 12-paragraph decision, the court of appeals determined that a court could force an employee to settle its third party worker's compensation claims. It based its analysis on Bergren v. Staples, 263 Wis. 477, 483-84, 57 N.W.2d 714 (1953). Dalka, 334 Wis. 2d 686, ¶ 10.
¶ 117. However, Bergren was decided in the context of an employee who was trying to force an employer to settle. As Bergren noted, unlike employees, employers do not have a common law right to an employee's claim for negligence against a third party. 263 Wis. at 482. The Dalka court failed to appreciate this distinction. Consequently, it did not conduct a thorough analysis of the issue and is inconsistent with the history, case law, and express language of the statute discussed above.
¶ 118. In sum, the history and longstanding precedent, together with persuasive cases from other jurisdictions, as well as the language of the Worker's Compensation Act lead to the conclusion that an employee's *577 common law cause of action against a third party tortfeasor was not abrogated by the Worker's Compensation Act. Because an employee's common law cause of action against a third party tortfeasor preexisted the Wisconsin Constitution and continues to this day, the Wisconsin Constitution requires that the right to a jury trial apply to such a claim. Thus, contrary to the majority, I conclude that there is a right to a jury trial for a common law cause of action brought by an employee against a third party tortfeasor.
II
¶ 119. The majority compounds its problematic analysis by failing to give any meaningful guidance on what standards or procedures should be applied in implementing its erroneous conclusion.
¶ 120. Here, after the League of Wisconsin Municipalities Mutual Insurance Company moved to compel settlement, Adams requested the opportunity to present evidence in support of his opposition to the motion. He specifically identified witnesses he would present in support of his argument that the case had more value than the settlement offer. The circuit court denied this request and made its determination to compel settlement based on evidence previously entered in support of a summary judgment motion.
¶ 121. Prior to its ruling, the circuit court made a clear request for guidance on what standard to apply to determine whether to grant a motion to compel a settlement. It noted the worker's compensation statute did not indicate any procedure for it to follow in deciding disputes between parties:
First of all, I want to say that the legislature hasn't given a great deal of guidance with respect to how the *578 court should deal with these matters. The legislature has directed that where there is a dispute between two parties on how the case should be conducted and whether offers of settlement should be accepted, the statute imposes the duty to sort that out upon the court. But there's no - there's nothing that's been determined about how the court goes about that.
There is a good reason, however, why no guidance is set forth in the statute on what standards or procedures to employ when considering a motion to compel an employee to settle. As discussed above, such a motion which would deprive the employee of the right to a jury trial would be an anathema to the history, a century of precedent, and the express language of the statute.
¶ 122. The circuit court also noted a similar absence of guidance from the courts:
And the only case that deals with this, which is only a few months ago, it was unfortunately a case where the amount in dispute was only about $8,700 and where the judge - trial court apparently dealt with it in a rather cavalier fashion, and that doesn't give a great deal of guidance.[5]
¶ 123. I agree with the circuit court that the legislation and the caselaw offer little guidance on how to make these determinations. The statute merely states that "any disputes arising shall be passed upon by the court before whom the case is pending." Wis. Stat. § 102.29(1). Likewise, the sole case permitting a court to compel settlement noted only that the circuit court had determined that settlement was in the employee's best interest. Dalka, 334 Wis. 2d 686. It did not elaborate on *579 what standard a circuit court should apply in making that decision and what evidence it should consider. Id., ¶ 3.
¶ 124. The standard set forth by the majority today provides even less guidance. It opines with scant explanation that "fairness" is a better standard than "best interest." Majority op., ¶ 72. Although the majority observes the three standards employed by the federal court when approving class action settlements (fairness, reasonableness, and adequacy), it chooses just one without apparent rhyme or reason. Id. The majority mandates that the standard a circuit court should employ when deciding whether to compel a party to accept settlement is one that evaluates whether the settlement is "fair." Id. Such a solo standard provides no standard at all.
¶ 125. Likewise, the majority offers little guidance on what process a circuit court is to use when making the determination of whether to grant a motion to compel settlement. Rather than stating what the procedure should be, the majority focuses on the procedure suggested by Adams, stating that a "mini-trial" is "unworkable." Id., ¶ 77.
¶ 126. The majority fails to acknowledge that in similar circumstances, this court has adopted a mini-trial to assess the value of a settlement. In Rimes v. State Farm Mut. Automobile Ins. Co., 106 Wis. 2d 263, 316 N.W.2d 348 (1982), the court considered what procedure should be used to determine whether a settlement between a plaintiff and a tortfeasor made the plaintiff whole such that a subrogated insurer could share in the recovery. It concluded that a mini-trial conducted by the circuit court was appropriate. Id. at 276-77. Since then, Rimes hearings have become the norm for determining whether a plaintiff has been *580 made whole by a settlement. Schulte v. Frazin, 176 Wis. 2d 622, 629, 500 N.W.2d 305 (1993).
¶ 127. The two cases cited by the majority show that evidentiary hearings are also used by federal district courts in determining whether to approve class action settlements under Fed. Rule Civ. Pro. 23(e).[6] See Young v. Katz, 447 F.2d 431, 434-35 (5th Cir. 1971) (noting that the plaintiffs presented witness testimony and that the evidence presented by the objectors raised nothing of substance to contradict it); Parker v. Anderson, 667 F.2d 1204, 1210 (5th Cir. 1982) (noting the objectors' failure to introduce any evidence at the settlement hearing). The majority does not explain why Wisconsin circuit courts are unable to manage the same procedure as well as the federal courts.
¶ 128. Although the contours of the procedure the majority sets forth for the circuit courts are unclear, the inadequacy of its loose guidelines are illustrated by their application in this case. Here, the majority determines that it was permissible for the circuit court to compel settlement based solely on the evidence already before it. Adams' claim was terminated without him being able to present evidence in opposition to the motion to compel settlement. Such a procedure calls into question whether the court had an adequate basis for determining that the settlement was fair and raises due process concerns.
*581 ¶ 129. The majority is obligated to provide the circuit court and litigants with some direction on how a circuit court is to make a determination to compel settlement. Its standard of "fairness" is no standard at all. Absent any indication of what evidence the court is to consider and how that evidence is to get before the court, the majority opinion shirks its responsibility.
Ill
¶ 130. In sum, the majority's approach to the right to a jury trial is misguided as it overlooks history, sub silencio overrules decades of cases, and ignores the words of the statute by assuming that an employee's right to pursue a cause of action against a third party tortfeasor comes from Wis. Stat. § 102.29(1), and not the common law. Under its precarious analysis the majority determines there is no right to a jury trial, and concludes that a circuit court may compel an employee to settle its claims.
¶ 131. Contrary to the majority, I conclude that the employee's common law cause of action against a third party tortfeasor was not abrogated by the Worker's Compensation Act. Because an employee's common law cause of action against a third party tortfeasor preexisted the Wisconsin Constitution and continues to this day, the Wisconsin Constitution requires that the right to a jury trial apply to such a claim. Accordingly, I conclude that the court cannot compel settlement here, and I respectfully dissent.
¶ 132. I am authorized to state that Chief Justice SHIRLEY S. ABRAHAMSON joins this dissent.

 For additional cases see the discussion below.

 When ascertaining whether a cause of action existed in 1848, we often resort to Sir William Blackstone's Commentaries on the Laws of England (1778). State v. Abbott Labs., 2012 WI 62, ¶ 34, 341 Wis. 2d 510, 816 N.W.2d 145.

 Nevada, New Jersey, California, Washington, Kansas, New Hampshire, Ohio, Illinois, and Massachusetts. Gregory Krohm, Workers' Compensation: Wisconsin Pioneers the Nation's First Constitutional Worker's Compensation Law (July 2011), available at www.wipps.org/media/docs/2010_Krohm_History_WC-July2011.doc.

 The dissent in Cermak also agreed with this interpretation, stating "[t]here exists no doubt in my mind that the workmen's compensation act preserves to the injured workman . . . such cause of action as may exist at common law against a third person." Cermak v. Milwaukee Air Power Pump Co., 192 Wis. 44, 51, 211 N.W. 354 (1927) (Rosenberry, J. dissenting).

 The case to which the circuit court was referring was Dalka v. Am. Family Mut. Ins. Co., 2011 WI App 90, 334 Wis. 2d 686, 799 N.W.2d 923.

 Federal Rule Civ. Pro. 23(e) provides:
The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
(2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.