SEIDL, J.
*256 ¶ 1 Jody and Sherry Vande Corput appeal an order in which the circuit court: (1) determined the amount of attorney fees to be awarded as reasonable costs of collection in a third-party liability action under WIS. STAT. § 102.29 (2015-16);[1] (2) equally *120 divided those fees between the Vande Corputs' attorneys and the attorneys for Continental Western Insurance Company (Continental); and (3) approved the parties' settlement agreement. The Vande Corputs argue the court erroneously exercised its discretion in determining the amount and division of the attorney fees. They further argue the court erred by approving the settlement agreement despite the presence of an unsatisfied contingency. *257 ¶ 2 We agree that the circuit court erroneously exercised its discretion in determining the amount of attorney fees awarded as reasonable costs of collection. We therefore reverse and remand for the court to recalculate the reasonable costs of collection, using the correct legal framework, and to divide that amount between the parties' respective attorneys. However, we reject the Vande Corputs' argument that the court erred by approving the parties' settlement agreement.
BACKGROUND
¶ 3 Jody Vande Corput was injured in a motor vehicle accident during the course of his employment. He filed a claim for worker's compensation benefits with Continental, which subsequently paid him $337,121.48.
¶ 4 Jody and his wife Sherry Vande Corput then filed the instant third-party liability lawsuit against Pekin Insurance Company, which insured the other driver involved in the accident. See WIS. STAT. § 102.29(1). The Vande Corputs' complaint asserted a negligence claim on Jody's behalf (hereinafter, the § 102.29 claim) and a loss of consortium claim on Sherry's behalf. The law firm of Hupy and Abraham, S.C., represented the Vande Corputs in the third-party liability action, pursuant to a one-third contingency fee agreement.[2]
¶ 5 Continental was named as an involuntary plaintiff in the Vande Corputs' lawsuit, based on the *258 worker's compensation benefits it had paid to Jody.[3] Continental retained the Ron Harmeyer Law Office, LLC, to represent it in connection with the Vande Corputs' suit. On appeal, Continental asserts it needed independent representation because the Vande Corputs' complaint: (1) failed to acknowledge Continental's rights under WIS. STAT. § 102.29 ; (2) incorrectly alleged that Continental's rights were "subrogation" rights; and (3) asserted a loss of consortium claim, thus "guaranteeing a dispute over how much of the settlement proceeds would be allocated to the loss of consortium claim [versus] the § 102.29 claim." The nature of Continental's fee agreement with the Harmeyer firm is disputed and will be discussed in greater detail below.
¶ 6 Continental and the Vande Corputs ultimately agreed to settle their claims against Pekin for $750,000. The settlement agreement contained two contingencies. First, the agreement stated it was "contingent on allocation of $125,000 for loss of consortium." Second, the agreement stated it was "contingent on the satisfactory division or allocation of the costs of collection."
¶ 7 After deducting the $125,000 attributable to Sherry's loss of consortium claim, the circuit court was tasked with apportioning *121 the remaining $625,000 in settlement proceeds using the formula set forth in WIS. STAT. § 102.29(1)(b).[4] Under that formula, a court first *259 deducts the "reasonable cost of collection" from the settlement amount. Sec. 102.29(1)(b)1. If both the employee and the worker's compensation insurer were represented by counsel and "join[ed] in the pressing" of the claim, "the attorney fees allowed as a part of the costs of collection shall be, unless otherwise agreed upon, divided between the attorneys for those parties as directed by the court." Sec. 102.29(1)(c).
¶ 8 After the reasonable costs of collection are deducted from the proceeds of a WIS. STAT. § 102.29 claim, one-third of the remaining amount is paid to the injured employee. Sec. 102.29(1)(b)1. Following that deduction, the worker's compensation insurer is reimbursed for benefits that it either paid to the employee or may be obligated to pay in the future. Sec. 102.29(1)(b)2. The employee then receives any remaining proceeds of the claim. Sec. 102.29(1)(b)3.
¶ 9 In this case, Continental and the Vande Corputs disagreed regarding the first step of the distribution formula, disputing both the amount and the division of the reasonable costs of collection. Continental asserted the reasonable costs of collection were equal to a "one-third contingent attorney fee," plus out-of-pocket expenses. One-third of $625,000 is $208,333.33. Continental argued that amount should be divided between the Hupy firm and the Harmeyer firm "on a pro rata basis-i.e., ... divided between counsel in proportion to [their] clients' respective net recoveries." Pursuant to Continental's calculations, this would result in the Harmeyer firm receiving $138,888.88 and the Hupy firm receiving $69,444.45.
¶ 10 The Vande Corputs objected to Continental's proposed division, arguing the circuit court should determine and apportion the reasonable costs of collection based on the parties' fee agreements with their *260 respective attorneys. They asserted that, because the Hupy firm was retained "on a contingency fee basis," it was entitled to recover one-third of the $625,000 settlement amount-i.e., $208,333.33. On top of that amount, they argued the Harmeyer firm should "recover the value of its time on a quantum meruit basis" because it did not have a "recognizable fee agreement" with Continental.
¶ 11 The circuit court conducted a bench trial regarding the amount and apportionment of the reasonable costs of collection. At trial, attorney Harmeyer testified and presented documentary evidence regarding the work his firm had performed for Continental in connection with the Vande Corputs' lawsuit. As evidence of its fee agreement with the Harmeyer firm, Continental relied on two affidavits submitted by Kris Bekker, the claims representative Continental assigned to the Vande Corputs' case. In her first affidavit, Bekker averred:
[Continental] and [the Harmeyer firm] have had a long-standing agreement regarding attorney fees and costs. While [Continental] understands and accepts that a reasonable attorney fee in WIS. STAT. § 102.29 cases is one-third of the gross recovery obtained for [Continental], plus costs, the agreement between [Continental] and [the Harmeyer firm] is that [the Harmeyer firm's] attorney fee and costs will be paid from the "reasonable cost of collection" portion of the *122 distribution formula found in WIS. STAT. § 102.29(1)(c).
Bekker repeated this averment in a subsequent affidavit and further averred that Continental had "never paid [the Harmeyer firm] any fee (hourly or contingent) from its net recovery in a § 102.29 case."
¶ 12 Continental also relied on Bekker's deposition testimony in support of its position. During her *261 deposition, Bekker testified that, in every WIS. STAT. § 102.29 case in which Continental had retained the Harmeyer firm, the fee agreement was dictated by the terms set forth in a June 6, 2013 email with an attached memo. Based on those documents, Bekker's understanding was that in § 102.29 cases, the attorney fees for both the employee's attorney and the Harmeyer firm "would come off the top of the distribution formula" and "would be part of that cost of collection from the top." Bekker further testified Continental had never agreed in a § 102.29 case "that more than one-third of the gross recovery would come off the top for attorney fees."
¶ 13 The Hupy firm did not submit any evidence at trial regarding its contingency fee agreement with the Vande Corputs. However, as noted above, it was apparently undisputed that such an agreement existed.
¶ 14 Following posttrial briefing, the circuit court declined to adopt either the Vande Corputs' or Continental's proposal regarding the amount and division of the reasonable costs of collection. Instead, the court determined that, after deducting the portion of the settlement attributable to Sherry's loss of consortium claim, it was required to "allocate one-third" of the remaining $625,000 "to the 'reasonable costs of collection' (i.e., $208,333)." The court then considered the amount of work each firm had performed and concluded there was "no reason to believe that either Hupy or Harmeyer worked harder or did more to secure this significant settlement" than the other. The court therefore ordered "that the reasonable costs of collection be divided equally between Hupy and Harmeyer."
¶ 15 The circuit court subsequently entered an order approving the parties' settlement and directing *262 that the settlement proceeds be distributed as follows: $125,000 to Sherry for her loss of consortium claim; $104,166.67 in attorney fees to the Hupy firm, plus $4398.39 in costs; $104,166.66 in attorney fees to the Harmeyer firm, plus $1744.76 in costs; $136,841.17 to Jody (representing one-third of the net recovery on the WIS. STAT. § 102.29 claim); and $273,682.35 to Continental (representing two-thirds of the net recovery on the § 102.29 claim). The court dismissed the Vande Corputs' lawsuit with prejudice, and the Vande Corputs now appeal.
DISCUSSION
I. Amount and division of the reasonable costs of collection
¶ 16 On appeal, the Vande Corputs first argue that the circuit court erred in its determinations regarding the amount and division of the reasonable costs of collection. In a case involving the reasonable costs of collection under WIS. STAT. § 102.29(1), "[o]ur review of the circuit court's value of reasonable attorney fees and costs is limited to whether the circuit court properly exercised its discretion." Anderson v. MSI Preferred Ins. Co. , 2005 WI 62, ¶ 19, 281 Wis.2d 66, 697 N.W.2d 73. A court properly exercises its discretion when it employs a logical rationale based on the facts of record and the appropriate legal principles. Id. However, if the court "proceeds on an erroneous interpretation of the law, the exercise of discretion is erroneous." Id. (quoting *123 Theis v. Midwest Sec. Ins. Co. , 2000 WI 15, ¶ 8, 232 Wis.2d 749, 606 N.W.2d 162 ). Whether the court properly interpreted controlling legal authority is a question of law that we review *263 independently. State v. James , 2005 WI App 188, ¶ 8, 285 Wis.2d 783, 703 N.W.2d 727.
¶ 17 Here, we agree with the Vande Corputs that the circuit court erroneously exercised its discretion by misapplying the applicable law. In Anderson , our supreme court set forth a specific, three-step process a court must follow when determining and apportioning the reasonable costs of collection under WIS. STAT. § 102.29(1). First, the court must determine the "reasonable value for each party's fees and costs." Anderson , 281 Wis.2d 66, ¶ 40, 697 N.W.2d 73. "The sum of the attorneys' reasonable fees and costs may, but need not, equal a reasonable cost of collection." Id. Thus, after determining the reasonable value of both attorneys' fees and costs, the court proceeds to the second step of the analysis, in which it must "evaluate the total cost of collection and determine whether that sum is reasonable, in light of, among other things, the recovery." Id. In this step, the court may also consider factors such as the quality and quantity of the services provided and the posture of the case. Id. , ¶ 41. Finally, under the third step of the analysis, "the court must direct, unless otherwise agreed, how the attorneys' fees are to be divided between the attorneys." Id. , ¶ 42.
¶ 18 The circuit court did not follow the procedure set forth in Anderson when determining the costs of collection in this case. Under Anderson , the court was first required to determine the reasonable value of each attorney's fees and costs. See id. , ¶ 40. The court did not do so. It instead began by declaring-without explanation-that the reasonable costs of collection *264 were equal to one-third of the $625,000 settlement. The court erroneously exercised its discretion in that regard.
¶ 19 The second step of the Anderson analysis required the circuit court to determine whether the sum of both attorneys' reasonable fees and costs was equal to the reasonable cost of collection. Id. The court did not perform this analysis. It did not consider whether the aggregate fees and costs were reasonable in light of the amount recovered, the quality and quantity of the services provided, and the posture of the case. Id. , ¶ 41. Again, this failure to apply the controlling law constituted an erroneous exercise of discretion.
¶ 20 For these reasons, we conclude the circuit court erred in determining the reasonable costs of collection. We therefore reverse the court's order approving the parties' settlement and distributing the settlement funds, and we remand for the court to recalculate the reasonable costs of collection, using the Anderson analysis, and to divide that amount between the parties' attorneys.
¶ 21 Despite our reversal, in the interest of judicial economy, we now address two additional arguments regarding the costs of collection that are likely to arise on remand. Both pertain to the circuit court's finding that there was no evidence of "any written contingency agreement entered into between Harmeyer and [Continental]."
¶ 22 First, amicus curiae the Wisconsin Association for Justice (WAJ) argues that "[w]ithout a written fee agreement, [the Harmeyer firm] should not be entitled to recover any fees." WAJ reasons that the Harmeyer firm violated SCR 20:1.5(c), which requires *265 contingency fee agreements to be "in a writing signed by the client." WAJ asserts that "fee contracts in violation of the rule are unenforceable," and the Harmeyer firm therefore *124 should not be awarded any fees as part of the reasonable costs of collection under WIS. STAT. § 102.29(1).
¶ 23 We reject this argument for three reasons. First, as our supreme court recently stated, "the preamble to the Supreme Court Rules clearly demonstrates that alleged violations are to be determined in disciplinary proceedings, not civil litigation." Sands v. Menard , 2017 WI 110, ¶ 62, 379 Wis.2d 1, 35, 904 N.W.2d 789. This is not a disciplinary proceeding, and we therefore decline to determine whether the Harmeyer firm violated SCR 20:1.5(c).[5]
¶ 24 Second, although the circuit court found that the Harmeyer firm did not have a written contingency fee agreement with Continental, it nonetheless found that Continental and the Harmeyer firm had entered into a "contract for services." Based on Bekker's affidavits and deposition testimony, as summarized above, see supra ¶¶11-12, we conclude that finding is not clearly erroneous. See WIS. STAT. § 805.17(2) (circuit court's factual findings are upheld *266 unless clearly erroneous). The court's finding that Continental and the Harmeyer firm had a "contract for services" supports an award of attorney fees to the Harmeyer firm, even absent a written contingency fee agreement.
¶ 25 Third, WIS. STAT. § 102.29(1)(c) expresses a clear legislative intent that, in cases where both the employee and the worker's compensation insurer join in the pressing of a third-party liability claim, those parties' respective attorneys should share in the reasonable costs of collection. Here, the circuit court found that the Harmeyer firm expended "significant time and labor in securing the ultimate recover[y] on behalf of plaintiffs," and the record supports that finding. Under these circumstances, barring the Harmeyer firm from recovering any of its fees and costs would be contrary to the clear intent of § 102.29(1)(c).
¶ 26 The Vande Corputs advance a different argument, asserting that absent a written fee agreement, the circuit court should have determined the reasonable value of the Harmeyer firm's services using a quantum meruit theory. "[R]ecovery in quantum meruit is based upon an implied contract to pay reasonable compensation for services rendered." Ramsey v. Ellis , 168 Wis.2d 779, 785, 484 N.W.2d 331 (1992).
¶ 27 As noted above, under Anderson , the first step in determining the reasonable costs of collection is to establish the reasonable value of each attorney's services. See Anderson , 281 Wis.2d 66, ¶ 40, 697 N.W.2d 73. In doing so, a court is typically guided by the respective attorneys' fee agreements. See id. , ¶ 36. Here, however, the record does not contain a written fee agreement between Continental and the Harmeyer firm. Moreover, Bekker's affidavits and deposition testimony regarding *267 Continental's unwritten fee agreement with the Harmeyer firm do not describe that agreement's terms with a high degree of clarity or specificity. Under these circumstances, we conclude it would not be inappropriate for the circuit court, on remand, to determine the reasonable *125 value of the Harmeyer firm's services using a quantum meruit theory-that is, by multiplying the number of hours the Harmeyer firm worked on this case by a reasonable hourly rate. We do not hold, however, that the circuit court is required to employ a quantum meruit approach. Instead, we simply observe that the court must exercise its discretion on remand to select an appropriate method for determining the reasonable value of the Harmeyer firm's services, and employing a quantum meruit theory would be one appropriate method of making that determination.
II. Approval of the parties' settlement
¶ 28 The Vande Corputs also argue the circuit court erred by compelling them to accept the settlement agreement, despite the existence of an unfulfilled contingency. They observe the agreement expressly states it is "contingent on the satisfactory division or allocation of the costs of collection." They argue this contingency has not been fulfilled because they are not satisfied with the circuit court's division of the costs of collection.[6]
¶ 29 We do not find the Vande Corputs' argument persuasive. WISCONSIN STAT. § 102.29(1)(b) provides *268 that the plaintiffs in a third-party liability action "shall have an equal voice in the prosecution of said claim, and any disputes arising shall be passed upon by the court before whom the case is pending." In Bergren v. Staples , 263 Wis. 477, 481, 57 N.W.2d 714 (1953), our supreme court interpreted this language as permitting a circuit court to approve the settlement of a third-party liability claim over the objection of the worker's compensation insurer. More recently, in Dalka v. American Family Mutual Insurance Co. , 2011 WI App 90, ¶ 12, 334 Wis.2d 686, 799 N.W.2d 923, this court concluded the same language permits a court to approve a settlement over the objection of the injured employee. Under Bergren and Dalka , it is clear the circuit court in this case had authority to approve the settlement agreement over the Vande Corputs' objection.
¶ 30 The Vande Corputs argue Bergren and Dalka are distinguishable because, unlike in those cases, the settlement agreement here contained an unfulfilled contingency. They assert the "entire settlement offer" in this case was predicated on their satisfaction with the allocation of the costs of collection, and because they were not satisfied with the circuit court's allocation, "there was no settlement agreement to accept."[7]
¶ 31 We do not agree that the existence of this unfulfilled contingency prevented the circuit court from approving the settlement agreement. WISCONSIN STAT. § 102.29(1)(c) expressly states that the costs of *269 collection shall be divided as directed by the court "unless otherwise agreed upon" by the parties. Here, the parties did not reach any agreement regarding the division of the costs of collection. On these facts, § 102.29(1)(c) gave the court clear authority to divide the costs of collection.
¶ 32 In addition, consider the following hypothetical. Suppose that during settlement *126 negotiations, Pekin and Continental reached a settlement agreement identical to the one at issue in this case, but without the contingency that is at issue here. Further suppose that the Vande Corputs refused to accept the settlement absent that contingency. Under Bergren and Dalka , it is clear that, under those circumstances, the circuit court could compel the Vande Corputs to accept the settlement without the contingency, despite their objection. Given that the court could clearly compel the Vande Corputs' acceptance of the settlement agreement under those circumstances, it defies common sense to suggest the court could not do so under the similar circumstances at issue here. We therefore reject the Vande Corputs' argument that the circuit court erred by approving the settlement agreement.
By the Court. -Order reversed and cause remanded for further proceedings.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

On appeal, Continental emphasizes that the Hupy firm's written fee agreement with the Vande Corputs is not in the record. However, in the circuit court, it was apparently undisputed that the Hupy firm had entered into a contingency fee agreement with the Vande Corputs. We therefore accept that fact as conceded, for purposes of this appeal.

See Wis. Stat. § 102.29(1)(a) (stating a worker's compensation insurer that has paid benefits on an employee's behalf has the "same right" as the employee to "maintain an action in tort against any other party" for the employee's injury or death).

See DeMeulenaere v. Transport Ins. Co. , 116 Wis.2d 322, 325, 342 N.W.2d 56 (Ct. App. 1983) (holding that an "award for loss of consortium is not to be considered in the distribution formula").

Continental argues the Harmeyer firm did not violate SCR 20:1.5 because the requirement that fee agreements be in writing does not apply "when the lawyer will charge a regularly represented client on the same basis or rate as in the past." See SCR 20:1.5(b)(1). In response, WAJ argues the exception Continental cites is inapplicable because it appears in SCR 20:1.5(b), rather than SCR 20:1.5(c)-the subsection of the rule addressing contingency fee agreements. We need not resolve this dispute because, as explained above, we decline to determine in this civil action whether the Harmeyer firm's fee agreement with Continental violated SCR 20:1.5.

Because we reverse the circuit court's order on other grounds, it is not strictly necessary for us to address this issue. However, we choose to do so in the interest of judicial efficiency because the issue is likely to arise again on remand.

The Vande Corputs repeatedly assert that the settlement agreement was contingent on their satisfaction with the division of the costs of collection. However, the agreement actually states it is contingent on "the satisfactory division or allocation of the costs of collection," without specifying any particular party whose satisfaction is required.