**2026 WI 11**

# Supreme Court of Wisconsin



SAVANNAH WREN, et al.,
*Plaintiffs-Appellants*,

*v.*

COLUMBIA ST. MARY'S HOSPITAL MILWAUKEE, INC., et al.,
*Defendants-Respondents-Petitioners.*

No. 2024AP126
Decided April 10, 2026

REVIEW of a decision of the Court of Appeals
Milwaukee County Circuit Court (Kashoua Kristy Yang, J.) No.
2023CV4960

JILL J. KAROFSKY, C.J., delivered the majority opinion for a
unanimous Court.

¶1    JILL J. KAROFSKY, C.J.  In March of 2020, in response to the
COVID-19 pandemic, the governor declared a state of emergency. Shortly
thereafter, he signed into law an act that created WIS. STAT. § 895.4801
(2021–22).[1] This statute grants broad immunity to health care professionals
for a period of time surrounding the state of emergency.

---

[1] All subsequent references to the Wisconsin Statutes are to the 2021–22
version unless otherwise indicated.

¶2      This action arose from heartbreaking circumstances that occurred during the § 895.4801 window of immunity, when Savannah Wren[2] gave birth to a stillborn child at Columbia St. Mary's Hospital. Wren subsequently filed a medical malpractice suit against Columbia St. Mary's.[3] When Columbia St. Mary's filed a motion to dismiss on grounds of immunity, citing § 895.4801, Wren challenged the constitutionality of the statute on several grounds. The circuit court rejected all of Wren's arguments and dismissed the case due to the defendants' immunity from suit. Wren appealed, again raising several constitutional challenges to the statute. The court of appeals reversed and concluded that § 895.4801 is facially unconstitutional because it deprives litigants of their right to a jury trial enshrined in Article I, Section 5 of the Wisconsin Constitution.

¶3      We granted review solely to consider whether § 895.4801 facially violates the constitutional jury trial right. Article XIV, Section 13 of the Wisconsin Constitution empowers the legislature to alter or suspend particular common law causes of action.[4] Here the legislature exercised that power by enacting § 895.4801, which suspends causes of action against health care providers during a specific portion of the pandemic. Without a cause of action here, there is no jury trial right. Because § 895.4801 does not violate the constitutional right to a jury, we reverse the court of appeals' decision and remand this cause to the court of appeals to address any remaining issues.

---

[2] Plaintiffs-appellants in this action are Savannah Wren, individually and as personal representative for the Estate of Calvin Gordon, Jr., and Calvin Gordon. We refer to these parties collectively as "Wren."

[3] Defendants-respondents-petitioners are Columbia St. Mary's Hospital Milwaukee, Inc.; Jessica Hoelzle, M.D.; Jordan Hauck, D.O.; and the Injured Patients and Families Compensation Fund. We refer to these parties collectively as "Columbia St. Mary's."

[4] Article XIV, Section 13 of the Wisconsin Constitution provides in full: "Such parts of the common law as are now in force in the territory of Wisconsin, not inconsistent with this constitution, shall be and continue part of the law of this state until altered or suspended by the legislature."

## I.  BACKGROUND

¶4      On March 12, 2020, in response to the COVID-19 pandemic, Governor Tony Evers declared a state of emergency. About a month later, the legislature passed and the governor signed into law 2019 Wisconsin Act 185, which created WIS. STAT. § 895.4801. This statute provides immunity for health care providers during the COVID-19 emergency. Of import here, WIS. STAT. § 895.4801(2) provides:

> **IMMUNITY.** Subject to sub. (3), any health care professional, health care provider, or employee, agent, or contractor of a health care professional or health care provider is immune from civil liability for the death of or injury to any individual or any damages caused by actions or omissions that satisfy all of the following:
>
> (a) The action or omission is committed while the professional, provider, employee, agent, or contractor is providing services during the state of emergency declared under s. 323.10 on March 12, 2020, by executive order 72, or the 60 days following the date that the state of emergency terminates.
>
> (b) The actions or omissions relate to health services provided or not provided in good faith or are substantially consistent with any of the following:
>
> 1. Any direction, guidance, recommendation, or other statement made by a federal, state, or local official to address or in response to the emergency or disaster declared as described under par. (a).
>
> 2. Any guidance published by the department of health services, the federal department of health and human services, or any divisions or agencies of the federal department of health and human services relied upon in good faith.
>
> (c) The actions or omissions do not involve reckless or wanton conduct or intentional misconduct.

¶5　On May 11, 2020, the state of emergency terminated. The upshot of § 895.4801 is that all health care professionals or their employees, agents, or contractors are immune from civil liability for any actions or omissions satisfying the conditions of the statute that occurred between March 12, 2020, and July 11, 2020, 60 days following the date the state of emergency terminated.

¶6　Prior to the pandemic, Wren became pregnant. Her pregnancy was considered "high risk" and required close monitoring. In the month of her due date, Wren visited her health care professionals twice with concerning symptoms. Her medical providers sent her home on both occasions. Additionally, in the early hours of May 23, 2020, Wren went to Columbia St. Mary's Hospital with contractions, and medical staff discharged her a few hours later. When Wren returned to the hospital on the evening of May 24 for a scheduled induction, no fetal heart rate could be detected and Wren delivered her stillborn baby via emergency caesarian section.

¶7　In 2023, Wren filed a lawsuit against Columbia St. Mary's, bringing claims for medical malpractice, wrongful death, and negligent infliction of emotional distress. In her complaint Wren detailed her health conditions and contended that her physician negligently failed to schedule a timely induction. Wren further asserted that she received negligent care on the three occasions she visited health care professionals prior to her caesarian section.

¶8　Columbia St. Mary's moved to dismiss Wren's complaint, arguing that the material events occurred during the time period of immunity under WIS. STAT. § 895.4801. In response, Wren challenged the constitutionality of § 895.4801 on several grounds. Specifically, she challenged the statute as overbroad and impermissibly vague. She further contended that the statute violated the right to redress under the U.S. and Wisconsin Constitutions, the right to a jury trial under the Seventh Amendment to the U.S. Constitution, and the right to due process under the Fifth and Fourteenth Amendments to the U.S. Constitution. Wren then filed a supplemental response asserting that § 895.4801 also violated the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. The circuit court struck the supplemental response.

¶9　Relevant to this appeal, the circuit court determined that § 895.4801 was not vague or overly broad and that the broad immunity was enacted for a legitimate purpose during the COVID-19 pandemic.

Concluding that Wren failed to prove the statute was unconstitutional, the circuit court dismissed the complaint with prejudice.

¶10 On appeal, Wren contended that the circuit court erred in multiple respects. Pertinent here, she argued that § 895.4801 is unconstitutional because it violates the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution by infringing the fundamental right to seek redress of grievances through a jury trial, is unconstitutionally vague, and disadvantages a suspect class. The court of appeals framed the issue as whether § 895.4801 deprived Wren of her right to a jury trial under Article I, Section 5 of the Wisconsin Constitution. The court of appeals determined that § 895.4801 completely eliminates the opportunity to have a jury trial with respect to particular causes of action. As such, the court of appeals held that the statute burdens the fundamental right to pursue a jury trial and must withstand strict scrutiny to be constitutional. Then the court of appeals concluded that, even assuming § 895.4801 serves the compelling state interest of responding to the COVID-19 pandemic, the broad immunity is not narrowly tailored. As a result, the court of appeals declared § 895.4801 facially unconstitutional. It noted but declined to resolve Wren's other constitutional claims. *See Wren v. Columbia St. Mary's Hosp. Milwaukee, Inc.*, 2025 WI App 22, ¶7 n.6, ¶29 n.11, 415 Wis. 2d 758, 19 N.W.3d 614.

¶11 We granted review, expressly limiting this appeal to whether WIS. STAT. § 895.4801 violates Article I, Section 5 of the Wisconsin Constitution.

## II. ANALYSIS

¶12 We begin our analysis with the legal principles and constitutional provisions relevant to the narrow issue before us. That review leads us to conclude that the Wisconsin Constitution empowers the legislature to enact WIS. STAT. § 895.4801, which abrogates certain causes of action, including Wren's, that arose during the COVID-19 pandemic. Without a cause of action, Wren's constitutional right to a jury trial did not attach. As § 895.4801 does not implicate the constitutional jury trial right, we hold that the court of appeals erred in determining § 895.4801 is facially unconstitutional.

¶13 We review a facial challenge to the constitutionality of a statute de novo, benefitting from the discussion of the circuit court and court of appeals. *Mayo v. Wis. Injured Patients & Families Comp. Fund*, 2018

WI 78, ¶23, 383 Wis. 2d 1, 914 N.W.2d 678. To succeed on this facial challenge to § 895.4801, Wren must show that the statute cannot be enforced under any circumstances. *Evers v. Marklein,* 2025 WI 36, ¶26, 417 Wis. 2d 453, 22 N.W.3d 789.

¶14 Wren maintains that § 895.4801 burdens the fundamental right to a jury trial and therefore must survive strict scrutiny. *See Mayo,* 383 Wis. 2d 1, ¶28 (if a statute violates a fundamental right, it must withstand strict scrutiny to survive). Wren further contends that § 895.4801 is not narrowly tailored to meet a compelling governmental interest.

¶15 Two provisions of the Wisconsin Constitution govern our analysis. First, Article XIV, Section 13 of the Wisconsin Constitution empowers the legislature to alter or suspend the common law: "Such parts of the common law as are now in force in the territory of Wisconsin, not inconsistent with this constitution, shall be and continue part of the law of this state until altered or suspended by the legislature." Second, Article I, Section 5 of the Wisconsin Constitution provides: "The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy . . . ."

¶16 Article XIV, Section 13 permits the legislature to enact § 895.4801, which suspends Wren's asserted common law causes of action against Columbia St. Mary's. "The legislature's authority includes the power to define and limit causes of action and to abrogate common law on policy grounds." *Aicher ex rel. LaBarge v. Wis. Patients Comp. Fund*, 2000 WI 98, ¶51, 237 Wis. 2d 99, 613 N.W.2d 849.

¶17 Once Wren's causes of action have been suspended, the right to a jury trial does not attach. That is true because Article I, Section 5 guarantees the common law jury trial right for "all cases at law," or causes of action that existed at the time the state constitution was ratified. *See Vill. Food & Liquor Mart v. H&S Petroleum, Inc.*, 2002 WI 92, ¶10, 254 Wis. 2d 478, 647 N.W.2d 177 (construing "cases at law" to refer to "causes of action at law, where a jury trial was guaranteed before the passage of the state constitution"). As the legislature abrogated Wren's asserted causes of action, she has pled no viable cause of action against the defendants upon which the right to a jury trial could attach. *See also Oliver v. Travelers Ins. Co.*, 103 Wis. 2d 644, 651, 309 N.W.2d 383 (Ct. App. 1981) ("Absent a case at law, there is no right to a jury trial under Wis. Const. art I, § 5.").

Section 895.4801 cannot burden a constitutional right that has not attached.

¶18    Our holding is consistent with precedent determining that the Worker's Compensation Act, which eliminates certain common law claims against employers, does not violate a claimant's right to a jury trial under the Wisconsin Constitution. The Worker's Compensation Act expressly provides the exclusive remedy for employees seeking relief against their employers for work-related injuries. *See* WIS. STAT. § 102.03(2). As a result, employers have "no common law tort liability" to their employees. *Mulder v. Acme-Cleveland Corp.*, 95 Wis. 2d 173, 183, 290 N.W.2d 276 (1980); *Messner v. Briggs & Stratton Corp.*, 120 Wis. 2d 127, 134, 353 N.W.2d 363 (Ct. App. 1984) (because the worker's compensation statutes abrogate the common law, "there no longer exists any common-law tort action against an employer for a work-related personal injury"). The court of appeals thus correctly held that because there was no case at law, the jury right did not attach. *Oliver*, 103 Wis. 2d at 651; *Messner*, 120 Wis. 2d at 134. Such is the case here.

¶19    Wren attempts to distinguish § 895.4801 from the Worker's Compensation Act by asserting that the Worker's Compensation Act provides an alternative remedy while § 895.4801 abolishes certain causes of action altogether. Yet the alternative remedy under the Worker's Compensation Act does not include a right to a jury trial, and Wren fails to explain how this alternative remedy serves as a constitutionally sufficient substitute for a jury trial. More to the point, the precedent discussed above did not reject the jury trial right challenge because an alternative remedy exists. Rather, it rejected the constitutional challenge because no jury trial right attaches to claims the legislature has abrogated. So, we do not view Wren's jury trial challenge to § 895.4801 any differently than the failed jury trial right challenges to the Worker's Compensation Act.[5]

---

[5] We also note that the court of appeals' conclusion necessarily calls into question the constitutionality of numerous other instances in which the legislature eliminated common law causes of action. *See, e.g.*, WIS. STAT. § 895.48 (civil immunity for rendering emergency medical assistance at the scene in good faith); WIS. STAT. § 895.51(3r) (civil immunity for charitable organizations that distribute emergency medical supplies free of charge); WIS. STAT. § 895.52(2) (civil immunity to property owners who open their land for recreational purposes); WIS. STAT. § 895.4802 (civil immunity for individuals who take action to prevent, mitigate, or clean up a hazardous substance). Wren attempts to

¶20 The parties comprehensively briefed whether WIS. STAT. § 895.4801 passes muster under either a strict scrutiny or a rational basis level of review. Although the merits of Wren's remaining claims may require application of judicial scrutiny, we do not apply any level of judicial scrutiny to resolve the narrow claim before us. Rather, because the right to a jury trial does not attach to Wren's asserted causes of action in this lawsuit, § 895.4801 does not implicate Wren's constitutional right to a jury trial, and our analysis ends. *See, e.g.*, *Oliver*, 103 Wis. 2d at 651 (rejecting constitutional challenge without applying judicial scrutiny). Accordingly, Wren's facial challenge to § 895.4801 under Article I, Section 5 of the Wisconsin Constitution fails, and the court of appeals erred by concluding the contrary.

## III. CONCLUSION

¶21 WISCONSIN STAT. § 895.4801 does not facially violate the jury trial right under Article I, Section 5 of the Wisconsin Constitution. Accordingly, we reverse the decision of the court of appeals. To the extent there are remaining unresolved issues in this action, *see Wren*, 415 Wis. 2d 758, ¶7 n.6, ¶29 n.11, we remand this matter to the court of appeals for any necessary further proceedings.

*By the Court.*—The decision of the court of appeals is reversed, and this cause is remanded to the court of appeals for further proceedings consistent with this opinion.

---

distinguish these civil immunity statutes from WIS. STAT. § 895.4801 by asserting that each statute is sufficiently narrower than § 895.4801 and would likely withstand strict scrutiny. However, Wren's argument is conclusory and underdeveloped. More fundamentally, Wren cannot show that the Article I, Section 5 jury trial right attaches to any cause of action the legislature has abrogated.